The STATE of Texas, Relator,

v.

Honorable W. Ervin JAMES, Judge, 127th District Court, Harris County, Texas, Respondent.

No. 16181.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 20, 1973.

John L. Hill, Atty. Gen. Texas, Larry F. York, Mike Willatt, Terence L. O'Rourke, Asst. Attys. Gen., Austin, for relator.

Vinson, Elkins, Searls, Connally & Smith, F. Russell Kendall, Butler, Binion, Rice, Cook & Knapp, Fletcher Etheridge, Baker & Botts, Frank G. Harmon, Houston, for respondent.

EVANS, Justice.

Relator, the State of Texas, seeks leave to file a motion for mandamus to compel the Honorable W. Ervin James, Judge of the 127th Judicial District Court of Harris County, Texas, to preferentially set a case for trial for the week of May 28, 1973.

Relator's motion for preferential setting was heard in the trial court on April 12, 1973, and by order entered April 16, 1973 the trial court denied said motion, holding that the State had not complied with Rule 3 of the Rules of the District Courts of Harris County, Texas and that a preferential setting could not be granted. Relator's petition for mandamus was then filed in this court and submitted on oral argument on April 19, 1973.

Relator contends that where a case is given preference by statute, the trial court has no discretion under its local rules to determine whether or not a motion for preferential setting should be granted. Relator further contends that Rule 3 is inapplicable to cases given statutory preference and that compliance with Rule 3 in such cases is unnecessary. We cannot agree with Relator on these points.

Rule 3 of the Rules of the District Courts of Harris County, Texas, governing the trial of civil cases, provides that a party requesting the setting of a case for trial on the merits shall certify on his request the following:

"(a) That the pleadings are in order;

"(b) That counsel upon whom the request for setting is served has not withdrawn from the case;

"(c) That all written and filed agreements to take depositions and to produce a party for physical examination have been accomplished;

"(d) That all necessary ad Litem appointments have been made;

"(e) That all matters preliminary to trial have been accomplished;

"(f) That all parties and counsel of record have been supplied with copies of the request for settings;

"(g) That the case is ready for trial."

This rule further provides that if the certificate is not made or is incorrect in any particular, the setting shall, upon motion filed at or before the announcement of the docket, be struck from the docket for that assignment.

Under the Rules of the District Courts of Harris County, assignments are made for two month periods each, the first assignment of each year being for the months of January and February. Requests for settings are required to be filed before the 15th day of the month preceding a new assignment, and a request for setting is considered as an announcement of ready. Upon filing of a setting request, the case is placed on the general docket and assigned for trial, subject to compliance with Rule 3, unless a motion for continuance is granted or a written agreement to pass is filed as provided by the Rules.

In this case the Attorney General filed a motion for preferential setting which indicated the statutory preference, but failed to file a setting request making the certification required by Rule 3. He argues that he is unable to make the certification required by Rule 3 because many of the items required to be certified are not within his control and are solely within the knowledge of the other party. It is also Relator's contention that Rule 3 is void as applied to the State and in direct conflict with the Texas Rules of Civil Procedure and with Article 4477–5, Sec. 4.04(c), the Texas Clean Air Act, Vernon's Ann.Civ. St., which provides that this case shall be given a statutory preference.

We see no conflict between the local rules of the District Courts of Harris County and the State rules and statute as contended by the Relator. Nor can we agree with Relator's argument that Rule 3 of the Rules of the District Courts of Harris County places an undue burden on the State to certify to matters over which it has no control or of which it has no knowledge. Relator argues that the Respondent could negate the ability of the State to certify to Subdivision (a) that the pleadings are in order, to Subdivision (e) that all matters preliminary to trial have been accomplished and to Subdivision (g) that the case is ready for trial, merely by filing an amended answer containing defenses to which the State might wish to except. We are of the opinion that this places a strained construction upon the provisions of Rule 3. A more sensible interpretation as suggested by counsel for the honorable trial judge, is that the party requesting a trial setting must certify that at the time of the filing of his request for setting, he is ready to proceed to trial upon the pleadings as then filed. Should unforeseen circumstances arise after the filing of a setting request and before its consideration which would render incorrect the setting party's certification, such change of circumstances would properly be brought to the trial court's attention by motion for continuance or agreement to pass at the time such setting request is before the court for its consideration.

Relator did make the required certification in this case on at least one earlier occasion but apparently was concerned with making the required certification in this particular instance. We can understand its reluctance. As evidenced by the trial court's findings, Relator had been ordered to produce documents for inspection and copying, but had not yet complied with such order and the time permitted for such compliance had not expired; special exceptions to the Defendant's answer had been sustained but the trial court found that Defendant had not had a reasonable opportunity to file an amended answer thereafter; Relator's fourth amended petition was filed and served subsequent to the filing of Relator's motion for preferential setting and the trial court found Defendant had not had time to file or have heard special exceptions to that petition; and a hearing was then pending on another party's motion for production which pertained to a large volume of documents. In our opinion the trial court was justified in determining that proper certification had not been made as required by the Rules and that the case was not ready for trial.

This court is empowered to grant mandamus against a public official only to compel performance of an act clearly required by law and one which is ministerial in its nature and involves no exercise of discretion. Heaton v. Bristol, 317 S.W.2d 86 (Tex.Civ.App., Waco 1958, writ refused); Comet Aluminum Company v. Dibrell, 452 S.W.2d 32 (Tex.Civ.App., Houston, 14th, 1969, n. w. h.). We have no authority to substitute our judgment for that of the trial court, in the exercise of its judicial function; and unless it clearly appears that the trial court's action was so unreasonable as to amount to an abuse of its discretion, mandamus should not be granted. Matagorda Canal Co. v. Styles,

207 S.W. 562 (Tex.Civ.App., Galveston 1918, n. w. h.).

In this case the trial court did exercise its judicial function in determining that Relator had failed to comply with the Rules of the District Courts of Harris County, Texas, in making its request for a trial setting and that the case was not ready for trial. We are of the opinion that the trial court was well within its authority in making this determination. The record shows that this case had been on file for more than three years and that Relator had intervened shortly after the original suit was filed. Although the case had been set for trial on a number of prior occasions, Relator itself made no request for setting until December of 1972. The record before us does not reflect what prevented the case being tried upon such request but does show that on February 8, 1973 Relator filed a second setting request (which contained the certificate required by Rule 3) seeking a setting for the week of April 9, 1973. The record shows that on February 26, 1973 that request was ordered stricken upon Respondent's motion for the reason that there were ancillary matters pending and the case was then determined not ready for trial. Subsequently, prior to April 10, 1973, Relator filed this motion for preferential setting requesting a trial setting for the week of May 28, 1973, to which Respondent filed reply asserting that Relator had not certified to the matters required by Rule 3. After the filing of its last motion for preferential setting, Relator filed its fourth amended original petition which with attached exhibits constitutes a lengthy and detailed pleading and which Respondent contends sets up new and additional complaints.

■ The trial court must of course give precedence to actions entitled thereto by any statute or rule. However, even with respect to cases granted precedence by law, the trial court must retain its inherent control over its general docket. It must in the exercise of its judicial function determine the orderly arrangement of its docket and the setting of cases for trial. McDonald, Texas Civil Practice, 1970 Ed., Sec. 10.27, pp. 76–77. Even where statutory preference is given, we do not believe this court may by mandamus compel the trial court to proceed to trial at a given time when, in the exercise of its judicial function, it has determined that the proposed trial setting would not be in the best interest of the court's docket because the condition of the case is not such that the case would likely be ready for trial. Matagorda Canal Co. v. Styles, supra.

For the reasons stated we deny Relator's motion for leave to file mandamus.