The STATE of Texas, Appellant,

v.

Charlie TURNER, Jr., Appellee.

No. B14-93-00281-CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 28, 1993.

Opinion Overruling Motion for
Rehearing Jan. 20, 1994.

Rehearing Denied Jan. 20, 1994.

Mary Lou Keel, Houston, for appellant.

Vernon Hankins, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

The State appeals from the dismissal of an indictment. On April 14, 1992, Appellee was indicted for theft of money, on or about August 29, 1987, from Preferred Risk. On January 11, 1993, the State reindicted the Appellee, alleging theft, on or about August 29, 1987, from John Beury. The second indictment did not contain an allegation contending the tolling of limitations. On January 13, 1993, the original indictment was dismissed on a motion by the State. Trial on the second indictment was set for March 8, 1993.

On the day of trial, Appellee moved to dismiss the indictment because it was barred by limitations.[1] The State maintained that Appellee's motion was untimely under TEX. CODE CRIM.PROC.ANN. art. 1.14(b). The trial court granted Appellee's motion. On appeal, the State asserts that the trial court abused its discretion in dismissing the indictment. We affirm the trial court's order.

Appellee's motion to dismiss was filed on March 8, 1993, the day of trial. TEX.CODE

---

1. There is a 5 year statute of limitations on the crime of theft. See, TEX.CODE CRIM.PROC.ANN. art. 12.01(4)(A) (Vernon Supp.1993).

CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp. 1993) provides:

> If the defendant does not object to a defect, error or irregularity *of form or substance* in an indictment ... before the date on which the trial on the merit commences, he waives and forfeits the right to object to the defect, error or irregularity and may not raise the objection on appeal or in any other postconviction proceeding. (emphasis added).

■ A defect of form is any sort of "wrong date, misplaced comma, misspelling, things of that nature." *Studer v. State*, 799 S.W.2d 263, 270 (Tex.Crim.App.1990), quoting House floor debates on May 24, 1985, over SB 169, Rep. Dan Morales speaking. The State does not contend there was a defect, error or irregularity of form, but only of *substance*. A defect of substance is statutorily defined in TEX.CODE CRIM.PROC.ANN. art. 27.08 (Vernon 1989). *Studer v. State*, 799 S.W.2d 263, 267 (Tex.Crim.App.1990) Article 27.08 provides:

> There is no exception to the substance of an indictment or information except:
>
> 1. That it does not appear therefrom that an offense against the law was committed by the defendant;
>
> 2. That it appears from the face thereof that a prosecution for the offense is barred by a lapse of time, or that the offense was committed after the finding of the indictment;
>
> 3. That it contains matter which is a legal defense or bar to the prosecution; and
>
> 4. That it shows upon its face that the court trying the case has no jurisdiction thereof.

The State maintains that Article 27.08(2) defines an indictment which "appears from the face ... is barred by a lapse of time" as a substance defect. Therefore, the State contends Appellee was required to bring this defect of "substance" to the trial court's attention the day before the day of trial, in accordance with Article 1.14.

As noted in *Studer v. State*, 799 S.W.2d 263, 275–276 (Tex.Crim.App.1990), Article 1.14 was amended in 1985 to eliminate the reversal of convictions "based on minute technicalities that no prosecutor or grand jury [could] anticipate."[2] The amendment would "protect the rights of defendants without subjecting prosecutors to unnecessary and unreasonable restrictions."[3] The *House Study Group*, Special Legislative Report, No. 120, August 1985, noted that amended Article 1.14 "by stating flatly that the court has jurisdiction once the indictment, however flawed, is presented ... would force defendants to examine the indictment closely before trial *and make their objections early enough for the state to make needed corrections.*" (emphasis added). The *Analyses of Proposed Constitutional Amendments*, Texas Legislative Council Information Report, No. 85–3, August 1985, also indicated that the intent of the change is to allow "the legislature to provide for the *substantive amendment* of charging instruments." (emphasis added).

It is clear from the legislative papers and from *Studer*, that the intent behind the amendment of Article 1.14 was to provide a trial court with jurisdiction over *defective* charging instruments, to require that "errors or defects" of form or substance be brought to the trial court's attention or be waived, and to allow the State ease of amendment over a defective charging instrument. It follows that if a defect is of such a nature that it can not be *amended or corrected*, there is no logical reason for Article 1.14 to control.

A defect in a limitations problem which is "substantive" occurs when the indictment reflects an *incorrect* date in either the return of the indictment or the commission of the offense. For example, an indictment returned February 1, 1993, which reflects that the charged offense of theft occurred January 1, 1983, when the offense actually occurred on January 1, 1993, *could be amended* by the prosecutor to reflect the proper date. Another amendable defect occurs when the

---

**2.** *Studer v. State*, 799 S.W.2d 263, 275–276 (Tex. Crim.App.1990), *citing* the *Analyses of Proposed Constitutional Amendments*, Texas Legislative Council Information Report, No. 85–3, August 1985.

**3.** *Id.*

indictment reflects that it was returned February 1, 198 3, for a crime committed on January 1, 1993, when the indictment was actually returned on February 1, 199 3. Both of these examples are clearly susceptible to amendment or correction, and therefore Article 1.14 applies.

However, when the prosecution does not dispute that the indictment contains the correct dates for both the date of the return of the indictment and the date of the offense, there is nothing for the State to amend or correct. In the present case, the State has not pled, argued or presented evidence of tolling; therefore, the indictment contains no correctable error or defect.

■ It is not logical that a statute of limitations *defense* must be raised *the day before the date of trial* or be waived. Unlike other errors, there is no way the State can amend to allege any offense for which the accused can be prosecuted. If the charging instrument is outside the statute of limitations, so too will any amendment or reindictment be outside the limitations period. When there is no error in the date of the offense or the date of the return of the indictment, there is no "defect, error or irregularity to be corrected." Therefore, when an indictment is correct, the defect of limitations does not fall within the purview of either Article 1.14 or Article 27.08.

The State insists that *State v. Yount,* 853 S.W.2d 6 (Tex.Crim.App.1993) requires defendants to bring all statute of limitations defects to the trial court's attention *the day before the day of trial.* That is not the holding in *Yount.* In *State v. Yount,* 853 S.W.2d 6, 8 (Tex.Crim.App.1993), the Court of Criminal Appeals stated that "an indictment which charges the commission of an offense barred by limitations still confers jurisdiction upon the trial court, such that the defendant must bring the *defect* to the attention of the trial court in order to preserve any error." (emphasis added). However, there is no requirement in *Yount* that the "defect" be brought to the court's attention *in accordance with Article 1.14.* Further, there is no requirement in *Yount* that a *defense* be brought to the court's attention pursuant to Article 1.14. We believe that the

statute of limitations in this case is a *defense,* not a defect, and can be brought to the court's attention the day of trial without waiving the right to claim the defense. Logically, Article 1.14(b) applies to "defects or errors" *that can be corrected,* and not to defenses.

■ At common law, there were no trial limitations during which an offense could be prosecuted. However, once crime is legislated, so too are statutes of limitations. Limitations are considered a "state of grace" or a "surrender by the State of its right to prosecute" and are equivalent to "acts of amnesty." *Vasquez v. State,* 557 S.W.2d 779 (Tex. Crim.App.1977). Therefore, a charging instrument filed after the period of limitation has expired is without authority of the law. *Id.* When an indictment is not filed within the time specified in the statute of limitations, the statute operates as a *bar* to prosecution. *Carr v. State,* 36 Tex.Crim. 390, 37 S.W. 426 (1896).

■ A felony indictment for theft may be presented within five years of the date of the commission of the offense, but not afterward. TEX.CODE CRIM.PROC.ANN. art. 12.-01(4)(A) (Vernon Supp.1993). It has always been the law in Texas that an indictment cannot be presented for a crime when the statute of limitation for that crime has run. *Cohen v. State,* 20 Tex.Ct.App. 224 (1886). The accused need not even plead the defense of limitations because the State must prove that the offense occurred within the period of limitation. *Bingham v. State,* 2 Tex.Ct.App. 21 (1877).

■ When the trial court sustains a motion to dismiss the indictment, and evidence shows that a subsequent amended indictment will be barred by the statute of limitations, the accused "shall be fully discharged." TEX. CODE CRIM.PROC.ANN. art. 28.06 (Vernon 1989). When an exception to an indictment is sustained, it may be amended by the State only if it is permitted by Article 28.10. TEX. CODE CRIM.PROC.ANN. art. 28.09 (Vernon 1989). Art. 28.10 provides that an indictment may not be amended over the objection of the accused if "substantial rights of the ac-

cused are prejudiced." TEX.CODE CRIM.PROC. ANN. art. 28.10 (Vernon 1989).

We note that Judge Clinton's concurring opinion in *Studer* stated that "some purported charging instruments may be so defective they can not fairly be described as 'charging . . . an offense' by any definition." We agree with Judge Clinton's reasoning and believe that a *true* limitations defense can not be waived because such an indictment fails to "charge an offense."

There can be no question that the State cannot amend or correct the indictment in this case, and that the statute of limitations is a bar to prosecution of this Appellee. Further, there is nothing in the statutes or in our case law that requires Appellee to make *this* complaint known to the court *before* the day of trial.

Because we find that Article 1.14 does not apply to indictments returned outside the statute of limitations where the State has not pled tolling and where the indictment cannot be amended to allege an offense, we hold that the trial court did not abuse its discretion in dismissing the indictment. The State's sole point of error is overruled, and the ruling of the trial court is affirmed.

## ON MOTION FOR REHEARING

On Motion for Rehearing, the State alleges a conflict in this opinion and in *Skero v. State*, 866 S.W.2d 336 (Tex.App.—Houston [14th Dist.] November 10, 1993). However, we do not find a conflict. In *Skero*, the Appellant "did not object to the indictment before trial." The panel in *Skero* made the following statement:

The Code of Criminal Procedure provides that if a defendant does not object to a defect . . . in an indictment *prior to the trial on the merits commencing,* he may not raise the issue on appeal. (emphasis added).

As authority for the foregoing statement, that panel cited TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.1993). While Article 1.14(b) may require an objection to a "defect" in the indictment be presented to the court "before the date of trial," *Skero* clearly does not. Nowhere in the opinion is language found which requires that the objection be made *before* the day of trial. Likewise, nowhere in *State v. Yount*, 853 S.W.2d 6 (Tex.Crim.App.1993), did the Court of Criminal Appeals require that an objection based upon the statute of limitations be made *before* the day of trial. In fact, the language in *Yount* is as follows on page 8:

An indictment which charges the commission of an offense barred by limitations still confers jurisdiction upon the trial court, such that the defendant must bring the defect to the attention of the trial court in order to preserve any error.

The State also cites *Burton v. State*, 805 S.W.2d 564 (Tex.App.—Dallas 1991, pet. ref'd), for the proposition that a claim of limitations must be made the day before the day of trial. However, the defendant in *Burton*, like the defendants in *Yount* and *Skero*, "did not raise the issue prior to trial." *Burton* at 571. The State has not cited a single case that holds that a defendant cannot raise the issue of limitations *on the day of trial.*

▮ We do not contend that the trial court lacked jurisdiction because of the statute of limitations. Further, we do not hold that a defendant cannot waive his right to claim statute of limitations as a defense to the indictment. We **do** hold that a defendant must make this objection known to the trial court *before* trial. The Appellee made his objection before trial, and we hold that the trial court did not err in granting his Motion to Quash.

The State takes great offense to this panel labeling the statute of limitations a "defense." However, the *Yount* opinion, relied upon so heavily by the State, cites several federal cases as its authority for the proposition that the statute of limitations claim must be raised before trial. In those federal cases cited and relied upon by the State, statute of limitations is a *defense,* which can be waived. See, *State v. Yount*, 853 S.W.2d 6, 8 (Tex. Crim.App.1993), fn. 1. Further, there are so many Texas cases which refer to statute of limitations as a "defense" in criminal cases that it would require several extra pages to cite them all.

■ Finally, in footnote 1 of their Motion for Rehearing, the State raises the issue of tolling for the first time. The State notes that it "could have alleged the tolling provisions of Article 12.05(b) and corrected the limitations problem." We agree. Unfortunately, the State did **not** allege tolling, and did **not** complain that the trial court erred by not tolling the limitations period on the basis of the first indictment. Consequently, the State has waived the error.

The motion for rehearing is overruled.

MURPHY, Justice, dissenting.

I respectfully dissent. In this Court's panel decision in *Skero v. State*, 866 S.W.2d 336 (Tex.App.—Houston [14th Dist.], 1993), that panel obviously misquoted TEX.CODE CRIM. PROC.ANN. art. 1.14(b) (Vernon Supp.1993). The opinion correctly holds that where no objection is made before trial that the statute of limitations had run at the time the indictment was presented, the appellant waives his right to complain for the first time on appeal. However, the panel in citing art. 1.14(b) left out vital language which I believe is controlling in the case before us. The panel stated:

> The Code of Criminal Procedure provides that if a defendant does not object to a defect, either of form or substance, in an indictment prior to the trial on the merits commencing, he may not raise the issue on appeal.

They should have stated:

> The Code of Criminal Procedure provides that if a defendant does not object to a defect, either of form or substance, in an indictment, prior to *the date on which* the trial on the merits commence*s,* he may not raise the issue on appeal. (emphasis added).

Here, appellant, *on the day of trial* moved to dismiss the indictment because it was barred by limitations. I would hold art. 1.14(b) applies and that it means what it says; that a defect, either in form or substance, must be objected to prior to the date on which the trial on the merits commences or the issue can not be raised on appeal.