**The STATE of Texas, Appellant,**

v.

**Charlie TURNER, Jr., Appellee.**

**No. 174–94.**

Court of Criminal Appeals of Texas, En Banc.

May 10, 1995.

---

Vernon L. Hankins, Porter, for appellee.

John B. Holmes, Jr., Dist. Atty. and Mary Lou Keel, Denise Nassar and Melissa Scharz, Asst. Dist. Attys., Robert Huttash, Houston, for appellant.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

Appellee was indicted on April 14, 1992, in Cause No. 629838, for a theft allegedly committed on or about August 29, 1987. On January 11, 1993, the State filed an indictment in Cause No. 653846 also alleging appellee committed a theft on or about August 29, 1987, but alleging a different owner of the appropriated property. The first indictment was dismissed on January 13, 1993. On the day of trial appellee filed a Motion to Dismiss the second indictment. The trial court granted appellee's motion and the Court of Appeals affirmed. *Turner v. State,* 868 S.W.2d 351 (Tex.App.—Houston [14th Dist.] 1993) (op. on original submission). The State filed a motion for rehearing which was overruled by the Court of Appeals. *Id.* at 355

(Tex.App.—Houston [14th Dist.] 1994) (op. on reh'g). We granted the State's petition for discretionary review to determine whether the Court of Appeals erred in its interpretation and application of article 1.14 and its holding that the statute of limitations is a defense.[1]

On the day of trial appellee filed a Motion to Dismiss in which he alleged that "[t]he Indictment shows on its face that the alleged offense was committed on August 29, 1987 and the Indictment was returned on the 11th day of Jan. 1993 which is more than 5 years from the date of [the] offense and is therefore barred by Article 12.01(3)(A) from prosecution." The State argued that the motion should not be entertained because it was untimely filed under article 1.14(b) which requires that objections to defects in an indictment be raised prior to the date of trial. Appellee responded that jurisdictional defects can be raised at any time. Stating that the case appeared to be barred by the applicable statute of limitations, the trial court granted appellee's motion, dismissing the case with prejudice.[2]

The Court of Appeals reasoned that since the dates alleged in the indictment (the date of the offense and the date the indictment was returned) were correct, article 1.14 did not apply:

A defect in a limitations problem which is "substantive" occurs when the indictment reflects an *incorrect* date in either the return of the indictment or the commission of the offense. For example, an indictment returned February 1, 1993, which reflects that the charged offense of theft occurred January 1, 1983, when the offense actually occurred on January 1, 1993, *could be amended* by the prosecutor to reflect the proper date. Another amendable defect occurs when the indictment reflects that it was returned February 1, 1983, for a crime committed on

January 1, 1993, when the indictment was actually returned on February 1, 1993. Both of these examples are clearly susceptible to amendment or correction, and therefore Article 1.14 applies.

However, when the prosecution does not dispute that the indictment contains the correct dates for both the date of the return of the indictment and the date of the offense, there is nothing for the State to amend or correct. In the present case, the State has not pled, argued or presented evidence of tolling; therefore the indictment contains no correctable error or defect.

*Turner*, 868 S.W.2d at 353–54 (op. on original submission) (emphasis in original). In addition, the Court of Appeals held that the statute of limitations is a *defense* that can be brought to the court's attention the day of trial without waiving the right to claim the defense. *Id.* at 354. They explained that since the State must prove the offense occurred within the limitation period, limitations must be properly pled or the indictment cannot be said to charge an offense. *Id.* at 354–55.

On rehearing, the Court of Appeals rejected the State's contention that *State v. Yount*, 853 S.W.2d 6 (Tex.Crim.App.1993) required an objection based upon limitations to be brought to the trial court's attention before the day of trial. *Turner*, 868 S.W.2d at 355 (op. on reh'g). Rather, the Court of Appeals construed *Yount* as allowing an objection on the day of trial, but before the trial commenced.

The State claims the Court of Appeals erred in failing to hold that under article 1.14(b) appellee waived any defect in the indictment by not bringing it to the attention of the trial court *before* the day of trial. The State also complains the Court of Appeals erred in failing to account for the language and meaning of *Yount*. Finally, the State

---

1. Specifically, we granted the following grounds for review:
    1. The court of appeals erred in holding that Tex.Code of Crim.P. art. 1.14(b) does not apply to motions to quash based on the statute of limitations.
    2. The court of appeals erred in holding that the statute of limitations is a defense.

3. The court of appeals erred in holding that Tex.Code Crim.P. art. 1.14(b) applies only to defects that can be amended or corrected.

2. Theft is governed by a five year statute of limitations. Tex.Code Crim.Proc.Ann. art. 12.01(4)(A).

claims the Court of Appeals erred in categorizing limitations as a defense. Appellee argues that an indictment which shows a limitations problem on its face is insufficient to vest the court with jurisdiction.

## I. Article 1.14(b)

■ Article 1.14(b) of the Code of Criminal Procedure provides in part:

If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

Article 27.08 of the Code of Criminal Procedure sets forth what are considered defects of substance in an indictment or information.[3] Reading articles 1.14 and 27.08 together, we concluded in *Studer v. State*, 799 S.W.2d 263, 268 (Tex.Crim.App.1990), that the defects of substance listed in article 27.08 must be raised pretrial or "the accused has forfeited his right to raise the objection on appeal or by collateral attack." Among article 27.08's enumerated defects of substance is the following:

That it appears from the face thereof that a prosecution for the offense is barred by a lapse of time, or that the offense was committed after the finding of the indictment[.]

Tex.Code Crim.Proc.Ann. art. 27.08(2).

■ The Court of Appeals distinguished between different types of defects under article 1.14, concluding that some defects can be corrected while others cannot and that only defects that can be corrected, apparently by a simple word or number change, are subject to the confines of article 1.14 and 27.08. We disagree. There is no language in either of those articles distinguishing between correctable and non-correctable defects. Nothing on the face of article 1.14 indicates that if a defect cannot be corrected by a simple amendment it is not subject to the timely objection requirement thereof.

The indictment at issue was returned on January 11, 1993, and alleged a theft that occurred on or about August 29, 1987. There is more than five years between the date of the alleged offense and the date of the indictment. Accordingly, "it appears from the face [of the indictment] that a prosecution for the offense is barred by a lapse of time." Tex.Code Crim.Proc.Ann. art. 27.08(2). This is a defect of substance. *Id.* Under article 1.14(b), if a defendant fails to object to such a defect in an indictment "before the date on which the trial on the merits commences ... he waives and forfeits the right to object to the defect...." We agree with the State that article 1.14(b) "means what it says." A defendant must bring defects of form or substance in an indictment to the attention of the trial court "before the date on which the trial commences [or] he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal." By waiting *until* the date of trial,[4] appellee "waive[d] and forfeit[ed] the right to object to the defect[.]"[5]

3. Article 27.09 sets forth exceptions to form.

4. Judge Baird, in his dissenting opinion, contends that "it is incumbent upon us" to determine when "trial on the merits commences." *Dissenting opinion* at 310. In our capacity as a court of discretionary review, we do not address issues that are not addressed by the Court of Appeals or raised by the parties. Before the Court of Appeals the State contended that "the trial court erred in entertaining a motion to dismiss on the day of trial" contrary to article 1.14(b). Appellee did not respond by arguing that the date in issue was not the day of trial, but rather argued that the indictment was properly dismissed because the defect was fundamental in nature and not subject to article 1.14(b). The

Court of Appeals assumed that the day of trial was the date on which appellee's motion to dismiss was filed. *Turner*, 868 S.W.2d at 352–53 (stating "appellee's motion to dismiss was filed on March 8, 1993, the day of trial"). Neither party disputes the Court of Appeals' assumption as to the date of trial or contends that this was not "the date on which the trial commence[d]" for purposes of article 1.14(b).

5. The implication of Judge Clinton's dissenting opinion is that article 1.14 only affects a defendant's appellate remedies and has no impact on a defendant's rights at trial or pretrial. Article 1.14 indicates that by failing to object before the date of trial a defendant gives up: the right to immediate dismissal of the charge, correction

## II. Limitations

█ In its opinion on original submission the Court of Appeals stated that

> ... a defense [need not] be brought to the court's attention pursuant to Article 1.14. We believe that the statute of limitations in this case is a *defense*, not a defect, and can be brought to the court's attention the day of trial without waiving the right to claim the defense.

*Turner*, 868 S.W.2d at 354 (op. on original submission). The State contends limitations is not a defense, but a pleading requirement. Appellee argues that limitations is a defense and as a defense can be raised at any time irrespective of article 1.14(b).

█ While *Yount* did not address the issue of whether limitations is a "defense," it provides some clue as to the nature of limitations.[6] We there paused to "make some general observations about the nature of statutes of limitations." *Yount*, 853 S.W.2d at 8. We recognized that in the past limitations was considered a jurisdictional issue. If an indictment was not presented within the limitation period or did not properly allege tolling of the limitation period, the trial court did not have jurisdiction; therefore, that defect could be raised at any time. But with the passage of the amendments to Article V, § 12 of the Texas Constitution and article 1.14(b) of the Code of Criminal Procedure, it is clear that jurisdiction is conferred by the presentment of the charging instrument, even if it appears from the face of the instrument that there is a limitations problem. We concluded that "an indictment which charges the commission of an offense barred by limitations still confers jurisdiction upon the trial court, such that the defendant must bring the defect to the attention of the trial court in order to preserve any error." *Id.* Accordingly, the Legislature has decided

that a limitations allegation in an indictment no longer has jurisdictional implications.

The Code of Criminal Procedure refers to limitations in several provisions. Article 21.02, **Requisites of an indictment,** requires that "[t]he time mentioned [in the indictment] must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation." Article 12.05 provides that the time the defendant is absent from the state shall not be computed in the period of limitation, nor shall the time during the pendency of the indictment.[7] Article 28.06, **Shall be fully discharged, when,** provides that

> Where, after the motion or exception is sustained, it is made known to the court by sufficient testimony that the offense of which the defendant is accused will be barred by limitation before another indictment can be presented, he shall be fully discharged.

These provisions address two separate issues—the matter of pleading and the matter of proof.

That the offense occurred within the limitation period is a matter that must be plead under article 21.12. Proof is a separate issue. Article 28.06 provides that a defendant shall be discharged upon "sufficient testimony" that the offense was not committed within the limitation period. Moreover, this Court has repeatedly held that the State bears the burden of proving the offense occurred within the limitation period. *See, e.g., Barnes v. State,* 824 S.W.2d 560, 562 (Tex. Crim.App.1992) ("The state had the burden to establish beyond a reasonable doubt that the offense was committed within the statute of limitations"); *Vasquez v. State,* 557 S.W.2d 779, 783 n. 5 (Tex.Crim.App.1977) ("The bur-

---

and amendment of the indictment by the State, and the right to raise the defect on appeal or in any other post-conviction proceeding. *See* Tex. Code Crim.Proc.Ann. arts. 1.14, 28.09, 28.10, 28.11.

**6.** *Yount* is not dispositive, however, as it did not involve a faulty indictment. In *Yount* the defendant was charged with involuntary manslaughter. At the defendant's request, the trial court submitted a charge on the lesser included offense

of driving while intoxicated, a misdemeanor. The jury found the defendant guilty of the misdemeanor. The defendant then motioned to set aside the judgment on the ground that the statute of limitations had run on the misdemeanor offense.

**7.** Other provisions in Chapter 12 designate the periods of limitation applicable to particular offenses. Tex.Code Crim.Proc.Ann. arts. 12.01, 12.02, 12.03.

den of proof is always on the State to show that the offense alleged was committed ... within the period of limitation regardless of date alleged"); *Donald v. State*, 165 Tex. Crim. 252, 306 S.W.2d 360 (App.1957) (reiterating the "well-established rule" that the "burden is on the state to show that the offense was committed within the period of limitations...."). The State also makes this distinction, pointing out that "[w]hether the State can *prove* a date that is not barred by limitations is a different question than whether it *alleged* a date barred by limitations."

■ Failure of the State to properly plead that the offense occurred within the limitation, or that an exception tolled the period, must be raised before the date of trial as discussed in Part I above. However, failure of the State to properly plead the issue does not excuse it from proving that the offense occurred within the limitation period, or that an exception applied.[8] *Accord Fisher v. State*, 887 S.W.2d 49 (Tex.Crim.App.1994) (failure to allege all elements of offense in indictment does not relieve State from proving all elements; reviewing court measures sufficiency of evidence against incomplete indictment and controlling penal code provision).

■ In holding that "the statute of limitations in this case is a *defense* not a defect," the Court of Appeals mischaracterized the issue presented as one of proof rather than pleading.[9] Whether proof that an offense occurred within the limitation period, or that

an exception applied tolling the period, is viewed as a defense, whether it is similar to an element of the offense,[10] or whether it is simply *sui generis* is of no moment here and the Court of Appeals erred in addressing the issue as one of proof.

Having concluded that the Court of Appeals erred in holding that article 1.14(b) was inapplicable to the limitations defect in the indictment, we reverse the judgment of the Court of Appeals and remand this cause to that court for proceedings consistent with this opinion.

OVERSTREET and MEYERS, JJ., concur in the result.

CLINTON, Judge, *dissenting on State's Petition for Discretionary Review.*

Rather than slog and slop through the semantic quagmire this Court created out of Article 1.14(b), V.A.C.C.P., in *Studer v. State*, 799 S.W.2d 263 (Tex.Cr.App.1990), we need not venture beyond the sound, safe bank of judicial discretion the State asserted to the court of appeals that the trial court abused in dismissing the indictment in this cause. *State v. Turner*, 868 S.W.2d 351, at 352, 355 (Tex.App.—Houston [14th] 1993, 1994).

The State contends that "[t]he only way to bring such a defect to the attention of the trial court '*in order to preserve any error*' is to comply with Article 1.14(b)."[1] State's Ap-

---

8. A further question is when or whether a defendant must object to the failure of proof that the offense occurred within the limitation period. More specifically, can a defendant waive or forfeit proof that the offense occurred within the limitation period? We do not decide this question today as it is not raised by the facts in this case.

9. Appellee's claim was one of a defect of pleading. Appellee alleged in his motion to dismiss that the indictment showed on its face that the offense was not committed within the period of limitation. He began his argument in the hearing on his motion by stating "our motion is addressing the validity of the indictment." The State responded in part that "any defects as to the indictment have been waived." Appellee quoted from a pre-amendment case which held that an "indictment ... which was returned [be-

yond the limitation period] and which did not allege facts which would toll statute of limitations was insufficient to vest court [sic] with jurisdiction." As previously stated in this opinion, indictment defects are no longer jurisdictional.

10. It might be argued that limitations could be likened to an element of the offense, at least in some respects. While article 21.02 provides that the State must set forth the offense in the indictment, the failure to allege an element of the offense is subject to the waiver provisions in article 1.14. *Studer*, supra. This does not excuse the State, however, from *proving* all of the elements of the offense. *See Fisher v. State*, 887 S.W.2d 49 (Tex.Crim.App.1994).

1. All emphasis throughout this opinion is mine unless otherwise indicated here.

pellate Brief, at 4.[2] Preservation of error is a moot point here; the appellee is not appealing from an adverse ruling.

The prosecution is aggrieved because the trial court rejected its contention that the motion by accused was *"untimely filed "* and, further, in that the court of appeals "construed *Yount* as allowing an objection on the day of trial, but *before the trial commenced."* Majority opinion, at 305. Nevertheless, the majority dismisses the latter aspect, characterizing it as an issue "not raised by the parties." *Id.,* n. 4., at 306. For his part, Judge Baird addresses and also rejects that contention for reasons given in his own separate opinion, and for all we know the trial judge may well have construed the statute just as Judge Baird does.

Under the circumstances presented, I am satisfied the trial court was not stripped of its jurisdiction, power and authority to hear and determine the matter merely because the motion was not filed the day before.

Whatever the statute may prescribe for an accused, neither it nor any other proscribes a trial court from entertaining a pretrial matter of pleading coming to the attention of the judge presiding that may doom further prosecution of the cause. It is axiomatic that a court "invest[ed] with jurisdiction of the *cause "* still possesses power and authority to determine whether there is yet a bar in law precluding prosecution of the alleged offense. See *State v. Johnson,* 821 S.W.2d 609, at 612 (Tex.Cr.App.1991); *Garcia v. Dial,* 596 S.W.2d 524, at 527–528 (Tex.Cr.App.1980).[3] That a trial court thus exercises its jurisdiction, power and authority to dismiss a cause

upon a questionable interpretation of applicable law would not adversely affect the propriety of its making a decision. *Ibid.*

Accordingly, the court below properly exercised its discretion to determine from the face of the indictment that the instant prosecution was barred by limitations. The court of appeals reasonably resolved questions raised by the State—ones not all that compelling or controlling in my view.

Therefore, because the Court does not affirm the judgment of the court of appeals, I respectfully dissent.

BAIRD, Judge, *dissenting on State's Petition for Discretionary Review.*

We should use this case to establish the following bright line rule: Under Tex.Code Crim.Proc.Ann. art. 1.14(b), an objection to a charging instrument is timely if made on the day the case is set for trial so long as the trial on the merits does not commence on that day.

## I.

A brief recitation of the facts is instructive. Appellee was originally indicted in Cause No. 629,838. That matter was scheduled for trial on November 30, 1992. However, the case was not reached on that date and was rescheduled for trial on March 8, 1993. On January 11, 1993, appellee was re-indicted under Cause No. 653,846. The State dismissed the original indictment on January 13, 1993. On March 8, 1993, the scheduled trial date, appellee filed a motion to dismiss the indictment, contending the prosecution was barred by the statute of limitations. At

---

2. The State's internal quote, underscored above, is from *State v. Yount,* 853 S.W.2d 6, at 8 (Tex. Cr.App.1993). The State also quotes from my dissenting opinion in *Yount,* at 15, *viz:* "In view of *Studer,* . . . unless raised in the trial court in a timely manner, limitations will not operate to divest the trial court of authority to convict." In the course of recording in *Studer* that my own "understanding of a matter of 'substance' [would avoid] many problems that arise when 'substance' is construed in Article 1.14(b), supra, strictly in terms of Article 27.08, supra," we contemplated this very question and protested against the anticipated answer expected by the *Studer* court. *Id.,* at 292–293.

3. Early on Texas courts accepted law dictionary definitions of "cause," *viz:*
   "... A suit or action; any question civil or criminal contested before a court of justice." *Tolle v. Toole,* 101 Tex. 33, 104 S.W. 1049, at 1050 (1907), quoting *Bouvier; City of Big Spring v. Garlington,* 88 S.W.2d 1095–1096 (Tex.Civ. App.—Eastland 1935), quoting *Black,* adding, "Case and cause are synonyms," quoting *Blyew v. United States,* 13 Wall. (80 U.S.) 581, 20 L.Ed. 638 (1871), and citing other authorities including *Tolle v. Tolle,* supra; *Eppoleto v. Bournias,* 764 S.W.2d 284, at 285 (Tex.App.—Waco 1988); see also Garner, *Dictionary of Modern Legal Usage* 104 (1987) (both terms used to describe litigated actions).

the hearing on appellee's motion, the State argued the motion was untimely under art. 1.14(b). The trial judge rejected the argument, granted the motion and the State gave notice of appeal. Thus, we are called upon to determine whether appellee's motion to dismiss the indictment, heard on the day the case was set for trial, but prior to the commencement of trial on the merits, was timely under art. 1.14(b).

## II.

Art. 1.14(b) provides in pertinent part that a defendant must object to a defect in a charging instrument *"before the date on which the trial on the merits commences."* [1] Because the Legislature did not define when "trial on the merits commences," it is incumbent upon us to determine what constitutes trial on the merits in determining whether appellee's motion was timely.[2]

In holding appellee's motion untimely, the majority presumes "trial on the merits" and the date a case is set for trial are synonymous. *Ante,* at 306. However, because the mere scheduling of a case for trial and the actual "trial on the merits" are conceptually distinct, the majority's conclusion that art. 1.14(b) requires an objection before the scheduled trial date is erroneous.

## A.

As noted above, the phrase "trial on the merits" is not defined in the Code of Criminal Procedure, nor does the phrase appear in the eight chapters grouped under the title "Trial and Its Incidents." *See,* Tex.Code Crim.Proc.Ann. chapters 32–39. Within the

Code of Criminal Procedure, the term "trial" embraces all proceedings from voir dire to verdict. *See,* Tex.Code Crim.Proc.Ann. art. chapters 33–39. But the Legislature's use of the word "merit" to modify "trial" evinces an intent to use the phrase "trial on the merits" as a legal term of art. "Merit" has a specific meaning in the context of a "trial." Webster's Dictionary lists as one definition of merit: *"the intrinsic rights and wrongs of a legal case as determined by substance* rather than form." Webster's New Collegiate Dictionary, at 719–720 (1977). Thus, the phrase "trial on the merits" designates the stage of trial where the substantive facts of the case are presented to the factfinder. *Compare,* Tex.Gov't Code Ann. § 54.005(b).[3] In a jury trial, this stage occurs after voir dire has been completed.

Moreover, this interpretation is consistent with our use of the term "trial on the merits" in past opinions. For instance, in *Decker v. State,* 717 S.W.2d 903 (Tex.Cr.App.1983), we stated:

"The jury selection continued, the State and defense made their peremptory challenges, the jury was sworn, and excused for lunch. After lunch but before *the trial on the merits commenced* there was a hearing in which L.J. Rich, the juror who had been selected, impaneled, and sworn, testified."

*Id.,* 717 S.W.2d at 904. Similarly, in *Joines v. State,* 482 S.W.2d 205 (Tex.Cr.App.1972), we stated:

The record reflects that on April 19, 1971, the Hon. Frank H. Crain presided over the proceedings, which included hear-

---

**1.** All emphasis is supplied unless otherwise indicated.

**2.** Prior to enactment of art. 1.14(b), the Code of Criminal Procedure did not specify the timeliness of an objection to an indictment. By judicial construct, we held such an objection was timely if made before parties announced "ready" for trial. *Wilson v. State,* 398 S.W.2d 291, 293 (Tex. Cr.App.1965) (citing *Bond v. State,* 171 Tex.Crim. 119, 345 S.W.2d 520, 523 (App.1961)); *and, Truesdale v. State,* 107 Tex.Crim. 105, 296 S.W. 320, 321 (App.1927).

Although the Legislature's use of the phrase "trial on the merits" in art. 1.14(b) evinces an attempt to establish a bright line statutory rule

for when an objection to a charging instrument is untimely, it is readily apparent that the phrase contains latent ambiguities. Accordingly, the majority's contention that it is not incumbent on us to determine when trial on the merits commences, *Ante,* at 306 n. 4, is odd when considered in light of its own recognition that this case concerns the interpretation and application of art. 1.14. Since "trial on the merits" is the operative phrase, how can the majority purport to interpret and apply art. 1.14 without determining the meaning of that phrase?

**3.** In the context of civil cases, § 54.005 defines trial on the merits as "any final adjudication from which an appeal may be taken to the court of appeals."

ings on several motions, and the voir dire examination of the veniremen. On April 20, 1971, *trial on the merits commenced,* the Hon. Joe E. Kelly presiding.

*Id.,* 482 S.W.2d at 207.

## B.

Finally, in *Hinojosa v. State,* 875 S.W.2d 339 (Tex.App.—Corpus Christi 1994), the Corpus Christi Court of Appeals addressed the comparable issue of when trial on the merits commences under Tex.Code Crim. Proc.Ann. art. 28.10. Art. 28.10 provides for amendments to charging amendments and employs language identical to art. 1.14(b), e.g., "... an indictment or information may be amended at any time before the date the *trial on the merits commences.*" The *Hinojosa* Court, relying upon double jeopardy analysis for guidance, explained:

> We have found no definition for "trial on the merits" as it is used in article 28.10. We have also found no authority stating when "trial on the merits commences" under the statute. When we interpret statutory language, we attempt to further the legislative purpose while staying as to as possible to the plain meaning of the words. (citation omitted).

> We note that article 36.01 of the Code of Criminal Procedure, which governs the "order of proceeding in trial," requires that a jury first be impaneled.... Even though no appellate court has determined when "trial on the merits commences" under art. 28.10, the Court of Criminal Appeals has stated:

> > The federal courts of appeals have determined that a trial "commences," under contemplation of R. 43, "at least" from the time that "the work of impaneling jurors begins" (citation omitted), and this is true regardless of the fact that for purposes of double jeopardy analysis, jeopardy only attaches once the jury has been impaneled and sworn. (Citation omitted.)

> *Miller v. State,* 692 S.W.2d 88, 91 (Tex. Crim.App.1985); *see also,* Fed.R.Crim.P. 43. (Footnote omitted.) The federal rule that jeopardy attaches in a jury trial when the jury is impaneled and sworn is an integral part of the constitutional guarantee and is binding on the states through the Fourteenth Amendment. *Crist v. Bretz,* 437 U.S. 28, 38, 98 S.Ct. 2156, 2162, 57 L.Ed.2d 24 (1978).

> *We hold that trial on the merits commences at the time that the jury is impaneled and sworn, i.e., at the same time that jeopardy attaches....*

*Hinojosa,* 875 S.W.2d at 342.

The *Hinojosa* Court's reasoning is applicable to the instant case because arts. 28.10 and 1.14(b) were enacted as part of same legislative package. *Studer v. State,* 799 S.W.2d 263, 266, n. 3, 271 (Tex.Cr.App.1990).

With regard to timely objections under art. 1.14(b), fixing the commencement of trial on the merits at the moment jeopardy attaches is most rational given the principles underlying the Double Jeopardy Clause. Simply stated, a defendant has not been put to "trial" in the constitutional sense until jury selection is complete, and the jury has been impaneled to hear the merits of the State's case. *Crist,* 437 U.S. at 35–36, 98 S.Ct. at 2161 & n. 13 (1978); *United States v. Jorn,* 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971); *and, Green v. United States,* 355 U.S. 184, 188, 78 S.Ct. 221, 224, 2 L.Ed.2d 199 (1957). Consequently, prior to the time the jury is impaneled and sworn, there is no constitutional impediment to dismissing or delaying the proceedings. *See, Fields v. State,* 627 S.W.2d 714, 720 (Tex.Cr. App.1982) (Jeopardy principles do not prevent trial judge from declaring mistrial prior to impaneling the jury). Under this interpretation of trial on the merits, an objection to the charging instrument is timely under art. 1.14(b) if it is brought to the trial judge's attention before the date jeopardy attaches.

In the instant case, appellee filed his motion to dismiss on the day of the case was set for trial. By granting appellee's motion to dismiss, trial on the merits never commenced. Consequently, appellee's objection to the indictment was necessarily "before the date on which the trial on the merits commence[d]" and art. 1.14(b) did not preclude consideration of appellee's motion.

### III.

Moreover, the majority's reading art. 1.14(b) to preclude objections to charging instruments on the day the case is scheduled for trial is doubly problematic.[4]

### A.

First, the majority fails to recognize that hearing objections to charging instruments on the date scheduled for trial is a common practice necessitated by increasingly crowded trial dockets.[5] *See generally, Is the U.S. Justice System in a State of Crisis?*, The National Law Journal, August 2, 1993, at 23; *and*, Randall Samborn, *Courting Solutions; Rising Caseloads Spur Judiciaries to Seek Solutions*, The National Law Journal, July 1, 1991, at 1. In Harris County, as in many large counties with burgeoning criminal dockets, trial judges often lack the time to hold pre-trial hearings before the day scheduled for trial. As a result, trial judges typically schedule a number of cases for trial on the same date. At that time, the trial judge calls the docket and many cases are disposed of either through plea bargains or dismissal of the charges. From those cases that are not resolved, the trial judge will select one for trial and the remaining unresolved cases will either be rescheduled or carried day-to-day until the trial court's docket permits time for trial. For the case that is selected for trial, the trial judge may entertain and re-

solve a number of pre-trial motions, including, but not limited to, motions to quash the charging instrument, motions for continuance and motions in limine. Following and depending on the resolution of those motions, the trial judge will proceed with voir dire or the presentation of evidence if a jury is waived.

In light of the burden facing trial judges in managing their dockets, the practice of hearing motions on the scheduled trial date is expedient and does not frustrate the policy of art. 1.14(b) in eliminating defendants "sandbagging" the State by remaining silent over defects in the indictment, and then raising those defects on appeal. *Studer*, 799 S.W.2d at 270–271. *See also*, George E. Dix, *Texas Charging Instrument Law: The 1985 Revisions and the Continuing Need for Reform*, 38 Baylor L.Rev. 1, 91 (1986). An additional consideration of art. 1.14(b) was to prevent defendants from waiting until the last minute to challenge the validity of a charging instrument. But this is no longer a consideration in light of the State's right to appeal an order dismissing a charging instrument. Tex.Code Crim.Proc.Ann. art. 44.01(a)(1). Indeed, that is what occurred in the present case; the Court of Appeals thoroughly reviewed the State's arguments on appeal. *State v. Tur-*

---

4. Perhaps the majority implicitly holds that appellant's objection was not timely because it was *filed* on the scheduled trial date and not before. If this is the majority's holding, it should be clearly stated in order to prevent any future confusion. If the majority opinion is predicated on when the objection is *filed*, art. 1.14(b) is complied with so long as the objection is *filed* before the scheduled trial date. Such a holding would provide the State with notice of the objection and the trial judge would have the discretion of hearing the motion at either a pretrial hearing or on the day scheduled for trial. However, this implicit holding appears to conflict with established precedent. Previously, the date of filing was irrelevant to the determination of whether an objection was timely because the filing of the motion does not, in itself, preserve error for appellate review. *See, Allison v. State*, 618 S.W.2d 763, 764 (Tex.Cr.App.1981); *Martinez v. State*, 565 S.W.2d 70, 71 (Tex.Cr.App.1978); *American Plant Food v. State*, 508 S.W.2d 598, 604 (Tex.Cr.App.1974); *McDonald v. State*, 379

S.W.2d 349, 351 (Tex.Cr.App.1964); *and, Uresti v. State*, 167 Tex.Crim. 189, 319 S.W.2d 340, 341 (App.1959). Rather, a defendant had to receive an adverse ruling on the objection to preserve error. *See, Allison, supra; Martinez, supra; Uresti, supra*. Consequently, prior to the majority opinion, the focus for whether an objection was timely was determined by the date the objection was heard and overruled, *not* the date the objection was filed. If the majority implicitly holds the *filing* of the motion determines the timeliness of the objection, the majority has *sub silentio* overruled this precedent.

5. The Office of Court Administration reports that Harris County had 61,980 cases on the felony docket in fiscal year 1994; Dallas County had 45,217 felony cases; Tarrant County had 25,087 felony cases; Travis County had 23,504 felony cases; and Bexar County had 20,575 felony cases. Office of Court Administration, 1994 Texas Judicial System Annual Report, 444, 356, 682, 696, 272 (1994).

*ner*, 868 S.W.2d 351 (Tex.App.—Houston [14th Dist.] 1993).

### B.

Second, by precluding trial judges from hearing challenges to the charging instrument on the scheduled trial date, the majority interferes with the discretion of trial judges to manage their dockets. *Cumpian v. State*, 812 S.W.2d 88, 91 (Tex.App.—San Antonio 1991); *Dancy v. Daggett*, 809 S.W.2d 629, 630 (Tex.App.—Houston [14th Dist.] 1991); *State v. $8,353.00 U.S. Currency*, 809 S.W.2d 344, 347 (Tex.App.—Austin 1991); *and, State v. James*, 494 S.W.2d. 956, 959 (Tex.Civ.App. 1 Dist.1973). Art. 28.10 grants to trial judges discretion to hold pre-trial hearings, *Callaway v. State*, 743 S.W.2d 645, 649 (Tex.Cr.App.1988); *and, Cantu v. State*, 546 S.W.2d 621 (Tex.Cr.App.1977), including hearings on exceptions to the form or substance of the charging instrument. Art. 28.01, § 1(4). In light of the majority opinion, art. 28.10 is no longer discretionary. *But see*, n. 4, *supra.*

As a result defendants will be forced to demand pre-trial hearings on their objections to the charging instruments. If the trial judge refuses to hear the objections until the scheduled trial date, the defendant must seek mandamus relief from this Court to compel the trial judge to hold a pre-trial hearing. Mandamus relief would be appropriate because the majority's interpretation of art. 1.14(b) creates a ministerial duty on the trial judge to hear such objections before the scheduled trial date and the defendant would have no other adequate remedy at law because untimely objections waive appellate review. Art. 1.14(b). Consequently, another unfortunate result of the majority opinion is to threaten clogging this Court with needless requests for mandamus relief.

### IV.

Consistent with our decisional authority as well as that of the courts of appeals, I would hold that for purposes of art. 1.14(b) "trial on the merits commences" the moment jeopardy attaches. Under this holding appellee's motion, heard on the scheduled trial date, was timely. Unfortunately, the majority holds otherwise and either deprives trial judges the of authority to control their dockets, part III, *supra*, or raises more questions than it answers, n. 4, *supra.*

With these comments, I respectfully dissent.[6]

---

6. As previously noted, the majority believes the issue of when trial on the merits commences is not before *us* because it was not addressed by the Court of Appeals. *Ante*, at 306 n. 4. However, by remanding this case to the Court of Appeals for further proceedings, the Court of Appeals is now free to determine what constitutes "trial on the merits" in determining whether appellee's motion was timely.

