The STATE of Texas, Appellant,

·v.

Charlie TURNER, Jr., Appellee.

No. 14–93–00281–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 8, 1996.

Vernon Hankins, Porter, for appellant.

Carol M. Cameron, Houston, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION ON REMAND

AMIDEI, Justice.

Appellee was indicted in Cause No. 653846 on January 11, 1993, for theft of property from John Beury alleged to have been committed on August 29, 1987. On the date set for trial, March 8, 1993, appellee filed a motion to dismiss the indictment because it was barred by limitations. TEX. CODE CRIM.PROC.ANN. art. 12.01(4)(A) (Vernon 1977 & Supp.1993). The State maintained that appellee's motion was untimely under Article 1.14(b), Texas Code of Criminal Procedure (Vernon 1977 & Supp.1993), which requires the motion to be filed *before the date on which the trial on the merits commences.* The trial court granted appellee's motion and the State appealed, alleging abuse of discretion by the trial court. On original submission, we held that the statute of limitations is a defense that can be brought to the court's attention the day of trial without waiving the right to claim the defense. *State v. Turner,* 868 S.W.2d 351, 353–54 (Tex.App.—Houston [14th Dist.] 1993) (opinion on original submission). We overruled the state's motion for rehearing and further held that an objection based on limitations may be brought *on the day of trial,* but *before* the trial commences. *Id.* at 355.

The state filed a petition for discretionary review and the court of criminal appeals reversed and remanded the cause to this court

for proceedings consistent with that court's opinion. *State v. Turner*, 898 S.W.2d 303 (Tex.Crim.App.1995).

Article 1.14(b) of the Code of Criminal Procedure provides in part:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

The court of criminal appeals found that limitations is a defect of substance under Article 27.08 of the Texas Code of Criminal Procedure and must be raised pretrial or "the accused has forfeited his right to raise the objection on appeal or by collateral attack." *State v. Turner*, 898 S.W.2d at 306, citing *Studer v. State*, 799 S.W.2d 263, 268 (Tex.Crim.App.1990). The court further found that Article 1.14(b), of the Texas Code of Criminal Procedure, "means what it says" and a defendant must bring defects of form or substance in an indictment to the attention of the trial court "before the date on which the trial commences [or] he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal." *State v. Turner*, 898 S.W.2d at 306.

The court of criminal appeals addressed the nature of limitations at page 307 of their opinion in *State v. Turner*, citing *State v. Yount*, 853 S.W.2d 6, 8 (Tex.Crim.App.1993):

> We recognized that in the past limitations was considered a jurisdictional issue. If an indictment was not presented within the limitation period, the trial court did not have jurisdiction; therefore, that defect could be raised at any time. But with the passage of the amendments to Article V, § 12 of the Texas Constitution and article 1.14(b) of the Code of Criminal Procedure, it is clear that jurisdiction is conferred by the presentment of the charging instrument, even if it appears from the fact of the instrument there is a limitations problem. We concluded that "an indictment still confers jurisdiction upon the trial court, such that the defendant must bring the defect to the attention of the trial court in order to preserve any error." *Id.* Accordingly, the Legislature has decided that a limitations allegation in an indictment no longer has jurisdictional implications.

■ The court further held that a failure of the State to properly plead that the offense occurred within the limitation, or that an exception tolled the period, does not excuse the State from proving the offense occurred within the limitation period, or that an exception applied. The burden of proof is always on the state to show the offense alleged was committed within the period of limitation, regardless of the date alleged. *See e.g., Barnes v. State*, 824 S.W.2d 560, 562 (Tex.Crim.App.1992) (The state had the burden to establish beyond a reasonable doubt that the offense was committed within the statute of limitations).

■ We find, under the authority in the opinion remanding this case to this court, above: (1) the appellee, by waiting until the date the trial on the merits commenced (March 8, 1993) to raise the issue that the indictment alleged an offense that was barred by limitation, waived and forfeited his right to object to that defect in the indictment. Tex.Code Crim.Proc.Ann. art. 1.14(b) (Vernon 1977 & Supp.1993); and (2) the failure of the state to properly plead that the offense occurred within the limitation, or that an exception tolled the period, must be raised by appellee before the date on which the trial on the merits commences. The failure of the state to properly plead the issue does not excuse the state from proving that the offense occurred within the limitation period or that an exception applied.

The judgment of the trial court is reversed and the cause is remanded for trial.