

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00068-CR

_____


CHARLES RANDALL KAY, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 8th Judicial District Court
Franklin County, Texas
Trial Court No. F8162


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In a jury trial, Charles Randall Kay was convicted of theft of property (copper) valued at between $1,500.00 and $20,000.00. The conviction was enhanced from a state jail felony to a second-degree felony due to two prior felony convictions, and Kay was sentenced to twenty years' imprisonment and a $10,000.00 fine.

Kay raises a single issue on appeal: that the trial court committed reversible error when, after voir dire was complete, it granted the State's motion to amend the indictment to include an element of the offense.

The indictment, complete with the later interlineations and an addition shown in brackets, eventually charged that Kay

> did then and there unlawfully appropriate, by acquiring or otherwise exercising control over, property, to-wit: copper, of the value of $1,500 or more but less than $20,000, from ~~Eric~~ Earl Gordon Hale, the owner thereof, [with intent to deprive the owner of the prop.].

Kay argues that the trial court committed reversible error by allowing this late amendment. The voir dire took place Tuesday, January 22, 2008. On the afternoon of January 25, 2008, the State filed a motion to amend the indictment to add the language; the motion was granted a few minutes later. Trial began the following Monday, January 28, 2008.[1]

_____

[1] We take this opportunity to point out to the court reporter that the failure to transcribe the reading of the indictment, and instead merely stating "indictment read" means that we cannot determine with certainty whether the original, or the amended, indictment was read to the jury. As no party has suggested that the original indictment was read rather than the amended one, we need not further address that matter, but we strongly suggest that, in the future, the *entirety* of the

2

Clearly, the indictment was amended. The record contains a copy of the motion to amend, and Assistant District Attorney Samantha Crouch stated in the attached certificate of service that a copy of the motion was forwarded to Kay's counsel on that date via facsimile. A certification by an attorney of record showing service of a notice is prima facie evidence that service was made. TEX. R. CIV. P. 21a. Anyone contending that such a notice was not received has the burden to show that the notice was not received. Because a certificate of service creates a presumption that the notice was served, without evidence to the contrary,[2] proof of service has been made. *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987); *Krchnak v. Fulton*, 759 S.W.2d 524 (Tex. App.—Amarillo 1988, writ denied).

The reporter's record states that the indictment was read in open court when Kay was arraigned January 28. Because the court reporter in this case did not transcribe the reading of the indictment, but merely noted, "Indictment read," the record does not reflect that the amended indictment was read. We assume, however, that the trial court read the indictment as it existed at

proceedings be transcribed.

[2]To his brief, appellate counsel attached an affidavit by Kay's counsel stating that he never received either the motion or the order, and was thus given no opportunity to request any relief. In *Yarbrough v. State*, 57 S.W.3d 611 (Tex. App.—Texarkana 2001, pet. ref'd), we held that, under Rule 34.1 of the Texas Rules of Appellate Procedure, we are not permitted, in a direct appeal, to consider affidavits not before the trial court, except regarding matters affecting our jurisdiction. *Id.* at 615; *see* TEX. R. APP. P. 34.1. Rule 34.1 defines the contents of an appellate record, limiting them to the clerk's record and the reporter's record. TEX. R. APP. P. 34.1. Affidavits filed solely in the appellate court do not properly fall into either part of the record and, therefore, cannot properly be considered by a court of appeals. *Hernandez v. State*, 84 S.W.3d 26, 32 (Tex. App.—Texarkana 2002, pet. ref'd); *Yarbrough*, 57 S.W.3d at 616.

the time of the reading, that is, amended. *See Hardeman v. State*, 552 S.W.2d 433 (Tex. Crim. App. 1977) (presumption of regularity).

By statutory requirement, a defect of substance in an indictment is waived if the defendant does not object before the date trial begins. TEX. CODE CRIM. PROC. ANN. art 1.14(b); *State v. Turner*, 898 S.W.2d 303, 306 (Tex. Crim. App. 1995), *overruled on other grounds by Proctor v. State*, 967 S.W.2d 840, 842 (Tex. Crim. App. 1998). Although we would not read this requirement so narrowly as to make an objection made on the morning of trial ineffective under these circumstances, in this case no objection was made at any point.[3]

Accordingly, it appears that the complaint was not preserved for our review.

We affirm the judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:    May 5, 2009
Date Decided:    May 6, 2009

Do Not Publish

---

[3]We also note that the charge in the record has the amended language in it. This was the charge apparently read to the jury, although the court reporter, here too, did not transcribe the actual reading of the charge, opting to report "Charge read." Before the charge was read to the jury, Kay's counsel had affirmatively said, "no objection" to it.