CLIFFORD MORRIS FOWLER V. STATE

No. 28,127. March 7, 1956.

*Jarmon & Spann,* Corpus Christi, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for driving an automobile upon a public highway while intoxicated; the punishment, 3 days in jail and a fine of $100.

The sole basis for the claim for reversal arises from the following.

Deputy Sheriff Herbert Eugene Ault testified on direct examination that he investigated a collision on Air Port Road and there observed appellant and engaged him in conversation. He testified that from his manner of speech; the fact that he was unsteady on his feet; the odor of beer about him and in the pickup, he formed the opinion that appellant was intoxicated and stated that there was no doubt that he was.

He further testified that he arrested appellant at the scene and placed him in jail.

Thereafter, Officer Ault was asked: "Is there any doubt in your mind that Mr. Fowler was intoxicated, in your opinion?"

Objection on the ground that the question was repetitious was overruled, and the witness answered: "In answer to that question, is it permissible to use the defendant's statement?"

The attorney for the state replied "Not after you arrested him. You can base your opinion on everything you saw and heard."

Appellant's counsel then moved that the witness' statement be stricken as prejudicial and the court stated:

"Let me state this to the jury: Any statement made by the Defendant after he was under arrest, unless given the statutory warning that any statement made by him could be used against him, as required by law, is not admissible as evidence in this case. That is the reason the witness has been instructed not to repeat anything the Defendant stated to him."

At appellant's request the jury was then retired and appellant moved for mistrial because of the statement of the witness and the remarks of the court.

The record shows that the court overruled the motion at the time, but suggested that during the lunch hour the matter would be further considered, and after the recess, announced that the state would be permitted to finish its case and appellant's counsel might "brief further on it" at their convenience; that he was "going to carry the motion forward."

If appellant's counsel ever obtained a ruling on his motion for mistrial, we fail to find it in the record. It is apparent that the court had ruled that the witness would not be permitted to repeat any statement made by appellant.

The testimony of Officer Ault shows that he had a conversation with appellant at the scene of the collision. Parts of such conversation not in the nature of a confession were brought out on his cross-examination.

Statements of the defendant, though in the nature of a confession, which are a part of the res gestae are admissible though he be under arrest when the statements are made. Lamkin v. State, 136 Tex. Cr. R. 99, 123 S. W. 2d 662.

There is nothing in the record to show that the statement referred to by the witness was not admissible under this rule.

Appellant testified in his own behalf and admitted having consumed three bottles of beer earlier in the day. He testified

that he had no recollection of a conversation with Officer Ault at the scene of the collision.

We are unable to agree that under the record before us reversal should be ordered because th trial court declined to declare a mistrial.

The jury resolved the issue as to appellant's intoxication against him and we find the evidence sufficient to sustain their verdict.

The judgment is affirmed.