**Simon N. HEATH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36559.**

Court of Criminal Appeals of Texas.

Feb. 19, 1964.

Rehearing Denied March 18, 1964.

James H. Martin, Dallas, for appellant.

Henry Wade, Dist. Atty., C. M. Turlington, Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is aggravated assault; the punishment, a fine of $1,000.00.

The State's evidence reflects that on the day in question appellant was loading a truck in moving from the property where the incident occurred when his young son came running up with "Butch," the 10 year old son of Mr. and Mrs. Haas, in hot pursuit. Appellant made "Butch" go home.

Mr. Karl Haas, the husband of the injured party, testified that his son came home, "crying, was shook-up and frightened," and that subsequently he and Mrs. Haas went over to see appellant. Mr. and Mrs. Haas were walking up appellant's driveway when appellant walked over·to them, started shoving and said, "Get off my God damn property, you have no business over here." Mr. Haas further testified that after some "bickering" between appellant and Mrs. Haas that appellant slapped Mrs. Haas, and she fell to her knees. The appellant then stated, "You do it again and I will slap you down again," and he again slapped the injured party and she fell to the ground. Mr. Haas also testified that neither he nor his wife had struck appellant and that when the police arrived some 10 minutes later appellant was still excited.

Over appellant's objection, Mr. Haas testified that when·the police officers wanted to know what happened, that appellant stepped up and said, "Well, I slapped her down, * * * I can pay my fine and I am going to do it again, I am proud of it."

Mrs. Haas' testimony was substantially the same as that of her husband although she did 'state that she called appellant a "No good son-of-a-bitch," just prior to being slapped by him.

Officers H. O. Wilkerson, Robert E. Thompson and Ferdinand Henke each testified over appellant's objection that upon arriving at the scene appellant admitted having slapped Mrs. Haas and indicated that he might hit her again.

Officer Wilkerson further testified that appellant was very angry when the statement was made and that he (Officer Wilkerson) told him to calm down.

Appellant, testifying in his own behalf, stated that after he sent the Haas boy home, Mrs. Haas came on the premises and hit him and that he backed up but she kept fighting him and calling him "everything in the world," that she missed a blow and fell over on the grass but got up and came

after him (appellant) again. Appellant further testified that although Mr. Haas did not hit him, he was backing away from the injured party and watching her husband when she fell down again and just lay there. Appellant also testified that he did not slap or hit Mrs. Haas at any time.

■ The jury resolved the conflict in the testimony in favor of the state, and we find the evidence sufficient to support their verdict.

It is contended by appellant that his statement, made after the officers' arrival, is not admissible as it is in the nature of a confession and was made to the officers while under arrest.

■ Statements of the appellant though in the nature of a confession, which are a part of the res gestae are admissible though he be under arrest when the statements are made. Fowler v. State, 162 Tex.Cr.R. 513, 287 S.W.2d 665; Lamkin v. State, 136 Tex. Cr.R. 99, 123 S.W.2d 662.

In Rainer v. State, 67 Tex.Cr.R. 87, 148 S.W. 735, the rule was stated that "[r]es gestae are events speaking\ for themselves through the instinctive words and acts of participants * * *. Nor are there any *limits of time within which the res gestae can be arbitrarily confined*," and further, "[w]as appellant's mind detracted from the events, or do his acts indicate that his mind had become cool and calculating * * *. Instinctiveness is the requisite, and when this obtains the declarations are admissible."

■ Following the above test, and other holdings of this court, and in the light of evidence showing appellant was still excited, indicated he might hit the injured party again and was still very angry, when the statement was made, we conclude that the statement was made under such conditions as to make it admissible as part of the res gestae. Phillips v. State, 137 Tex.Cr.R. 206, 128 S.W.2d 393; Dowling v. State, 167 Tex. Cr.R. 43, 317 S.W.2d 533, and cases cited therein.

The further contention, that the trial judge should have charged as to self defense as was requested by appellant cannot be sustained. Appellant testified that he was backing away from the injured party; that she fell down twice; that he was not afraid of her and that he did not strike or slap her. Taking his testimony, nothing was done by him in defense of his person and thus the issue of self defense was not raised.

Finding the evidence sufficient to sustain the verdict, and no reversible error appearing, the judgment is affirmed.