Glenn JOINES, Appellant,

v.

The STATE of Texas, Appellee.

No. 44997.

Court of Criminal Appeals of Texas.

June 21, 1972.

Rehearing Denied July 28, 1972.

Zimmerman & Rugeley by Rodger M. Zimmerman, San Marcos, for appellant.

Wiley Cheatham, Dist. Atty., Cuero, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for burglary. Trial was held before a jury, which assessed punishment at confinement for two years.

In his brief, appellant asserts ten grounds of error. In his first and fourth grounds of error, appellant contends that the court erred in overruling his motion for continuance which was filed on the day of trial, April 19, 1971. Appellant states that there were two other indictments pending against him and that on March 19, 1971, he received notice that all three cases were set for jury trial on April 19, 1971. The record reflects that a motion was filed by appellant on March 22, 1971, in which he moved that the State be required to elect the indictment upon which it would proceed. Appellant states that he was not notified until April 15, 1971, that the State would proceed to trial upon the case at bar, and that he therefore lacked sufficient time for preparation.

The record reflects that the indictment in the present case was returned on February 26, 1971, and that his counsel at trial was entered as attorney of record on that date. In light of the fact that appellant, with the assistance of counsel, had almost two months in which to prepare for trial, we find no abuse of discretion by the trial court in overruling his motion. Coleman v. State, 481 S.W.2d 872 (Tex.Cr.App. 1972). Appellant's first and fourth grounds of error are overruled.

In his second and fifth grounds of error, appellant contends that the court erred in granting a severance as to his co-indictee, Ricky Walpole. Appellant does not contend that the court erred in refusing to grant him a severance, but rather, that the court erred in granting his co-indictee's motion for severance. He maintains that Walpole's motion was inadequate under Art. 36.09, Vernon's Ann.C.C.P., and therefore, the granting of severance was an abuse of discretion.

We do not find that the trial court abused its discretion in granting the severance. Art. 36.09, V.A.C.C.P., provides:

"Two or more defendants who are jointly or separately indicted or com-

plained against for the same offense or any offense growing out of the same transaction may be, in the discretion of the court, tried jointly or separately as to one or more defendants; provided that in any event either defendant may testify for the other or on behalf of the state; and provided further, that in cases in which, upon timely motion to sever, and evidence introduced thereon, it is made known to the court that there is a previous admissible conviction against one defendant or that a joint trial would be prejudicial to any defendant, the court shall order a severance as to the defendant whose joint trial would prejudice the other defendant or defendants."

The statute is composed of two parts. The first part grants the trial court the authority to grant a severance, in its discretion. The second part makes the granting of a severance mandatory under certain circumstances. Appellant would have us construe the mandatory provision of the statute as limiting the court's discretionary authority to grant a severance. Such a construction would render the first part of the statute a nullity. *Cf.* Satillan v. State, 470 S.W.2d 677 (Tex.Cr.App.1971). Appellant's second and fifth grounds of error are overruled.

■ In his third ground of error, appellant contends that the court erred in permitting Walpolé, his co-indictee, to testify on behalf of the State. He contends that because he did not know that he and Walpole would not be tried jointly until the day of trial, he was unfairly surprised by Walpole's testimony. This contention is without merit. Even if he had been tried jointly with Walpole, Walpole would have been a competent witness for the State. Art. 36.09, V.A.C.C.P. The record further reflects that Walpole testified that he had informed appellant's counsel that he was going to testify for the State. Thus, there was evidence that appellant was not unfairly surprised. Appellant's third ground of error is overruled.

■ In his sixth ground of error, appellant contends that the court erred in overruling his motion for mistrial which was made in response to a comment by the prosecutor, at summation upon appellant's failure to call a certain witness.

The record reflects that appellant's mother testified that he had made a certain telephone call on the date of the offense to a girl (in support of a defense of alibi), and on cross-examination, named the girl. In argument, the prosecutor commented on the failure of appellant to call the girl as a witness.

■ It is well settled that the State may comment upon the accused's failure to call a certain witness to support his defensive evidence. *e. g.,* Batiste v. State, 462 S.W.2d 30 (Tex.Cr.App.1971); Miller v. State, 458 S.W.2d 680 (Tex.Cr.App.1970). In light of appellant's evidence that he had talked with a particular person, the State's comment upon the failure to call that person was proper. Appellant's sixth ground of error is overruled.

■ In his seventh ground of error, appellant contends that the court erred in overruling his motion for mistrial which was made following an argument in which he contends the prosecutor was permitted "to compare your Appellant to his Co-Indictee Walpole in such a manner as to constitute a criticism or dare to the appellant for making a defense rather than coming forward with an admission of guilt as did Walpole on the witness stand." The argument to which he refers is set forth below:

". . . You have got one of them that did wrong but he came in here and admitted to you his mistake, and that he did wrong and that another man did it along with him. You have got another one that did wrong and walked in here and told you he didn't do it. He wants you just to turn him loose and walk him scot loose free, let him beat the rap, let a merchant down there at LaWard be jeopardized, his building broken into,

knocked holes in the wall and take the money, and he asks you to turn him loose, free."

The record reflects that the motion for mistrial was not made until considerably later in the course of the argument.

 An objection to improper argument must be made at the time of the argument, in order to preserve the error for review. *e. g.*, Archer v. State, 474 S.W.2d 484 (Tex.Cr.App.1971); Davis v. State, 463 S. W.2d 434 (Tex.Cr.App.1971); Van Bibber v. State, 371 S.W.2d 880 (Tex.Cr.App. 1963). Therefore, the error in the argument, if any, is not properly before this Court for review. Appellant's seventh ground of error is overruled.

In his eighth ground of error, appellant asserts as error the substitution of judges on the second day of trial. The record reflects that on April 19, 1971, the Hon. Frank H. Crain presided over the proceedings, which included hearings on several motions, and the voir dire examination of the veniremen. On April 20, 1971, trial on the merits commenced, the Hon. Joe E. Kelly presiding. Although appellant contends in his brief that he objected to the change, no objection appears in the record. In light of appellant's failure to object, we perceive no error. Even if objection had been made, however, the substitution would not have been error, absent an abuse of discretion. Art. 1916, Vernon's Ann.Civ.St. *See also* Lavallas v. State, 444 S.W.2d 931 (Tex.Cr.App.1969). Appellant's eighth ground of error is overruled.

In his ninth ground of error, appellant contends that the court erred in permitting the State to read the entire indictment to the jury, after a severance had been granted as to Walpole. This ground of error is without merit for three reasons. (1) No objection was made. (2) The court instructed the jury that appellant only was on trial at the time. (3) Walpole testified for the State, and admitted his guilt before the jury.

In his tenth ground of error, appellant states "[T]he trial court committed a material error injuring the rights of Defendant Joines in this case in that the Court did not instruct the jury as to the law of incrimination by evidence from an admitted co-principal until the 'charge of the court' was read to the jury on the third day of trial."

No such instruction is required to be given at the time the accomplice testifies. The testimony of the accomplice is not limited in the sense that it is admissible only for a limited purpose. It is fully competent evidence. However, it is not sufficient to support a verdict of guilt unless corroborated. Art. 38.14, V.A.C.C.P. That being the case, the jury is unable to determine the sufficiency of the corroboration until after all evidence has been presented. Therefore, an instruction prior to the close of evidence would be premature. Appellant's tenth ground of error is overruled.

The judgment is affirmed.