**Howard HILL, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49435.**

Court of Criminal Appeals of Texas.

Feb. 19, 1975.

Tom A. Boardman and Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of burglary with intent to commit theft. After the jury returned the guilty verdict, the court assessed the punishment at twelve years.

The sufficiency of the evidence is not challenged. Archie Wagoner, the manager of an apartment complex, after receiving a telephone tip about a burglary, went to investigate. When he arrived at the apartment, he found that the door had been splintered. Appellant was in the hall with a camera and television set in his hands. They belonged to the victim, Cedric King. Appellant stated that he was a friend of the victim and was taking care of his property. Later evidence by King proved this to be false. Appellant agreed with Wagoner that they would report this to the police. They left in separate cars and appellant fled. Wagoner got appellant's automobile license number and called the police. Appellant was arrested in a shed in the rear of the residence where his automobile was parked. He stated that he knew they were looking for him because someone had taken down his license number.

It is contended that the prosecutor's argument at the guilt stage of the trial constituted reversible error.

Appellant's counsel argued as follows:

"Now, there are lots of things that just don't make sense, but we have got a burglary. I am not contesting the fact that Cedric King's apartment was burglarized. When a burglar goes into an apartment or house, he has got to pick up things and he has got to move around things. We have heard no testimony whatsoever that there is any fingerprints or any incriminating evidence such as a handkerchief falling out of his pocket. . . ."

After this, the following occurred during the argument of the prosecutor:

"MR. WORTHY (Prosecutor): . . . Now, Mr. Boardman talks about fingerprints. I think you are all reasonable people and you can understand one thing, that a good professional burglar—

"MR. BOARDMAN (Appellant's counsel): I object to that.

"MR. WORTHY: Good professional burglars don't leave fingerprints.

"MR. BOARDMAN: Your Honor, there is no testimony in this case about a professional burglar. There is no testimony in this case about good burglars, either, because there is no evidence about good burglars or professional burglars.

"THE COURT: I overrule the objection."

It is common knowledge that experienced, good or professional burglars do not leave fingerprints. Defense counsel pointed out the fact that there was no testimony of fingerprints. The argument of

the prosecutor was in reply to that of defense counsel.

Taking the argument as made, it does not mention the appellant but is a broad statement to the effect that adept burglars do not leave fingerprints—a well known fact. See Powell v. State, 502 S.W.2d 705 (Tex.Cr.App.1973).

■ Appellant relies upon Overton v. State, 490 S.W.2d 556 (Tex.Cr.App.1973), where a like argument under practically the same circumstances was held to have been invited. After the holding that such an argument was invited, the opinion stated that such argument should not have been made because it was outside the record. Apparently the latter is dictum, because the rule is that if argument is invited, it is proper. See Hefley v. State, 489 S.W.2d 115 (Tex.Cr.App.1973).[1]

In three grounds of error it is contended that the court erred in admitting into evidence a statement he made at the time of the arrest. He alleges that he was not warned of his right to remain silent.

Article 38.22, Vernon's Ann.C.C.P., provides, in part:

"Nothing contained herein shall preclude the admissibility of any statement made by defendant . . . that is res gestae of the arrest . . . ."

■ The court admitted the statement as being res gestae of the arrest. The record reflects that appellant was arrested behind a shed and was brought immediately to the front of the apartments. As he was being handcuffed, he stated to the officers "that he knew that we were looking for

him, that some man had written his license number down. . . ."

■ The res gestae or spontaneous statement rule is independent of, superior to, and not limited by the applicable rules of voluntariness of confessions. Miles v. State, 488 S.W.2d 790 (Tex.Cr.App.1973).

In Jones v. State, 458 S.W.2d 654 (Tex. Cr.App.1970), this Court, speaking through Judge Onion, said:

"Be that as it may, acts and declarations which are a part of the res gestae are admissible notwithstanding the fact that they may not be admissible as confessions or admissions, for the rule of res gestae is independent of, superior to and cannot be limited by the rules relating to confessions or admissions after arrest. Spann v. State, [Tex.Cr.App.,] 448 S.W.2d 128 and cases there cited. See also 24 Tex.Jur.2d 137, Sec. 600; Fisk v. State, Tex.Cr.App., 432 S.W.2d 912.

"Still further, it is noted that Article 38.22, Sec. 1(f), Vernon's Ann.C.C.P., provides in part: 'Nothing contained herein shall preclude the admissibility * * * of any statement that is the res gestae of the arrest or of the offense.' As to the application of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694, to res gestae statements, see Hill v. State, Tex.Cr.App., 420 S.W.2d 408; Brown v. State, [Tex.Cr.App.,] 437 S.W.2d 828.

"If a statement is admissible as res gestae the fact that it is made in response to an inquiry, or while under arrest does not render the testimony inad-

---

1. It is difficult for this writer to understand the logic of the concurrence that the defense could make a legitimate statement about the lack of fingerprints but the prosecutor could not answer it because the argument of the defense counsel was proper. This is especially true in view of the statement that it is only improper argument that will invite the prosecutor to follow defense counsel outside the record.

In the present case, there was no evidence of fingerprints introduced. There was no evidence of fingerprints or lack of them. Defense counsel commented upon this fact. There was nothing in the record about fingerprints. The prosecutor followed him by stating that good burglars do not leave fingerprints. It was as legitimate as the argument of the defense.

missible. Spann v. State, supra; Fowler v. State, 162 Tex.Cr.R. 513, 287 S.W.2d 665; Heath v. State, Tex.Cr.App., 375 S.W.2d 909."

See also, Pilcher v. State, 503 S.W.2d 547 (Tex.Cr.App.1974); Tezeno v. State, 484 S.W.2d 374 (Tex.Cr.App.1972); Anderson v. State, 479 S.W.2d 57 (Tex.Cr.App. 1972); Moore v. State, 440 S.W.2d 643 (Tex.Cr.App.1969); Ramos v. State, 419 S.W.2d 359 (Tex.Cr.App.1967). Cf. Martinez v. State, 498 S.W.2d 938 (Tex.Cr. App.1973).

In Tezeno v. State, supra, the defendant was under arrest when a statement was made by a woman companion that Tezeno had handed her the pistol when officers entered the cafe. There it was claimed that there was a deprivation of the right to confrontation. The Court wrote:

". . . This does not mean, however, that the Sixth Amendment prohibits the admission of extrajudicial statements under recognized exceptions to the hearsay rule. United States v. Kelly, 349 F.2d 720, 770 (2nd Cir. 1965); Kay v. United States, 255 F.2d 476 (4th Cir. 1958); Schepps v. State, 432 S.W.2d 926 (Tex.Cr.App.1968)—Onion, J., on rehearing. Also see, California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); Pointer v. Texas, 380 U.S. [400,] 411, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). Nor does the Sixth Amendment prohibit a state from changing, modifying, or enlarging the general hearsay rule, California v. Green, supra, so long as there is a reasonable necessity for such change, and so long as the change 'is supported by an adequate basis for assurance that the evidence has those qualities of reliability and trustworthiness to other evidence admissible under long established exceptions to the hearsay rule.' Kay v. United States, supra, 255 F.2d 480, Schepps v. State, supra."

In Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), it is written by the Supreme Court of the United States:

". . . The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today."

The judge did not err in admitting the statement and did not err in refusing to hold a hearing outside the presence of the jury concerning its admissibility. He had sufficient evidence before him to conclude, as he did, that the statement was admissible as res gestae of the arrest.

■ Lastly, it is contended that reversible error was committed when the assistant district attorney stated to the jury:

"Now why is this a strong case? The law has always presumed that recent unexplained possession of stolen property is sufficient for the guilt."

Appellant's counsel objected, ". . . that is not in the charge. He is arguing law that is not in the charge."

In his brief, appellant asserts that this was reversible error because it amounted to an assault upon the court's charge.

Even though the presumption from possession of recently stolen property was not in the charge, it was not a misstatement of the law. Appellant asserts that the court could have so charged the jury and it would have been proper.

In Daywood v. State, 157 Tex.Cr.R. 266, 248 S.W.2d 479 (Tex.Cr.App.1952), it is written:

".  .  . Error in argument does not lie in going beyond the court's charge, but lies in stating law contrary to the same.  .  . ."

See Lincoln v. State, 508 S.W.2d 635 (Tex. Cr.App.1974).

No statement was made contrary to the charge. No statement contrary to the law was made. No reversible error is shown.

The judgment is affirmed.

ODOM, Judge (concurring).

While I concur in the results reached by the majority, I am unable to accept their reasoning in disposing of appellant's ground of error complaining of the prosecutor's argument on fingerprints. The argument complained of was, "Good professional burglars don't leave fingerprints." The analysis of the majority is as follows:

"It is common knowledge that experienced, good or professional burglars do not leave fingerprints. Defense counsel pointed out the fact that there was no testimony of fingerprints. The argument of the prosecutor was in reply to that of defense counsel."

The majority assert that the proposition is common knowledge. Are they creating an additional realm of permissible jury argument? Cf. Alejandro v. State, Tex.Cr. App., 493 S.W.2d 230. It is often said that the parole law is common knowledge, but that does not mean it may be argued to the jury. It does not follow, from something being common knowledge, that it is automatically proper jury argument. If the majority mean something else, let them explain it.

The majority also assert that the prosecutor's argument was invited by that of defense counsel. How?! Defense counsel makes a perfectly legitimate argument on the failure of the State to produce evidence of fingerprints. How can this proper argument based on the evidence invite or authorize argument from outside the record? It is only improper argument that will invite and authorize the prosecutor to follow defense counsel outside the limits of legitimate jury argument, and even then, reply is invited only on the particular matters or subject matter gone into by defense counsel. It is *proper* to comment in argument upon the failure of the opposing party to call for or produce favorable evidence. Cf. Miller v. State, Tex.Cr.App., 458 S.W.2d 680; Joines v. State, Tex.Cr.App., 482 S.W.2d 205. It is *improper* to argue from outside the record. Here appellant commented on the failure of the State to produce any evidence of fingerprints. The State replied by going outside the record. If the majority's rule that even proper argument invites the State to go outside the record is now the law, the defense attorneys in this State would be well advised to waive argument, since by making any argument they will be giving the prosecutors free license to go outside the record on any matter mentioned. In this respect it should be pointed out that the majority's interpretation of Overton v. State, Tex.Cr.App., 490 S.W.2d 556, is thoroughly wrong. *Overton* did not say that the argument there complained of was invited by defendant's argument. To the contrary, *Overton* pointed out that the *subject matter* of the prosecutor's argument was invited, but that the assertion made did, in fact, go too far and constituted error. It was upon the action of the trial court sustaining the objection and instructing the jury to disregard that the ground of error was overruled. Contrary to what the majority say, if anything in the disposition of that ground of error in *Overton* was dictum, it was the assertion that argument was invited.

The majority, then, have presented no reason for overruling this ground of error that is convincing to me. I concur in the affirmance of the case only because the evidence of guilt is so conclusively established by the evidence presented to the jury that I find the improper argument of the prosecutor was harmless beyond a reasonable doubt.

I also take exception to the majority's unfounded suggestion that the res gestae

rule is *superior to* the United States Constitution. I thought such misconceptions were laid to rest in Smith v. State, Tex. Cr.App., 507 S.W.2d 779. Let us not risk conjuring up old ghosts with loose language. The bench and bar of this State should have no misconceptions about the fact that when a statement is obtained in violation of constitutional rights the mere statement "res gestae" will not operate as "magic words." Here, however, it appears the statement was spontaneous, and not in response to questioning. There being no constitutional infirmity, the independent res gestae exception to the statutory rule against oral confessions in Article 38.22, V.A.C.C.P., came into play. It is in this sense that the res gestae rule is independent of rules of voluntariness of confessions. But in no sense is it *superior to* the Constitution. Another statement which was in response to a question asked after arrest was properly excluded.

For the reasons stated, I concur in the results only.

ROBERTS, Judge (concurring).

I concur in the results reached by the majority for the reason that, in view of the overwhelming evidence of guilt presented, the error in the prosecutor's argument can be said to be harmless beyond a reasonable doubt.