**Andrew Hayward JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–95–00580–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 9, 1996.

Rehearing Overruled Oct. 17, 1996.

Alex J. Scharff, San Antonio, for appellant.

Barbara Hervey, Assistant Criminal District Attorney, San Antonio, for appellee.

Before CHAPA, C.J., and STONE and GREEN, JJ.

## OPINION

STONE, Justice.

This is an appeal from a conviction of murder. Andrew Jackson ("appellant"), plead not guilty to murder, but was found guilty by a jury. He was sentenced to serve seventy-five years in the Texas Department of Criminal Justice, Institutional Division and was fined $10,000. In three points of error, appellant challenges the trial court's refusal to submit a jury question on whether the State's only eye-witness, Darlene Johnson ("Johnson"), was an accomplice witness as a matter of fact, and the lack of corroboration of the accomplice witness testimony. We affirm the judgment of the trial court.

The State's case against appellant was based primarily upon the testimony of Johnson, who was present at the time of murder. Johnson testified that on March 4, 1994, she and appellant purchased crack cocaine and smoked it in appellant's apartment. After smoking the crack cocaine, she and appellant went to visit Melvin Rizo ("Rizo"), the victim, to collect a debt. Rizo was unable to pay the debt at that time. Appellant and Johnson purchased more crack cocaine from Rizo's brother, Ernest, and returned to appellant's apartment to smoke it.

Later that same day, Rizo went to appellant's apartment and appellant asked Rizo again for the money. Rizo said he could not pay the debt and suggested that Ernest could pay appellant. During this conversation, Johnson was drinking a beer and under the influence of the crack cocaine. Johnson testified, however, that she was not "tripped out." Johnson went to see Ernest about the money and returned to tell the men that Ernest could not pay. Without warning and without saying a word, appellant walked into his bedroom, picked up a gun, returned to the living room, and shot Rizo.

Startled, and afraid that appellant might turn the gun on her, Johnson was still. When appellant called to her, she responded that she saw nothing. Appellant left to dispose of the gun while Johnson remained in the apartment. Shortly thereafter, Anita Rizo, the victim's wife, knocked on the apart-

ment door and inquired if her husband was inside. Johnson said he was not. Appellant returned to the apartment and the victim's mother-in-law came to the apartment looking for Rizo. Appellant told her that Rizo had left. Rizo was still alive at this time for Johnson testified that she heard him breathing.

Johnson refused to help appellant with the body and appellant drove Johnson to a friend's house. Before separating for the day, appellant and Johnson smoked more crack cocaine and the two agreed to tell the police that Rizo was alive when they left appellant's apartment. Appellant and Johnson were seemingly packaging the event as a suicide. Johnson did not go to the police, nor did she tell anyone about the shooting.

On March 7, 1994, Johnson was first questioned by the police and admittedly gave a false statement. She testified at trial that her fear of appellant prompted her to lie to the police. On March 9, 1994, Johnson voluntarily returned to the police to correct her statement. Johnson was the State's sole eye witness.

In points of error one and two, appellant contends that the trial court erroneously failed to submit to the jury the question of whether Johnson was an accomplice witness as a matter of fact. Appellant argues that Johnson's actions following the shooting properly raise the issue of whether she was an accomplice. When a question as to whether a witness is an accomplice exists, it is proper to submit a jury question on the issue. *See Brown v. State*, 640 S.W.2d 275, 279 (Tex.Crim.App.1982). Specifically, appellant points to Johnson's failure to call or attempt to call 911 when she heard Rizo breathing, her failure to inform Rizo's wife when she came to the door, her failure to report the shooting to the police, and her inconsistent statements to the police.

Appellant cites *Reynolds v. State*, 489 S.W.2d 866 (Tex.Crim.App.1972) for the proposition that concealment of a crime makes one an accomplice. Appellant's reliance on this case is misplaced.[1] It is well

---

1. *See Easter v. State*, 536 S.W.2d 223, 227–229 (Tex.Crim.App.1976) (explaining significant

noted that a witness is not an accomplice witness merely for the failure to disclose the commission of a crime or for the concealment of a crime. *Harris v. State,* 738 S.W.2d 207, 216 (Tex.Crim.App.1986), *cert. denied,* 484 U.S. 872, 108 S.Ct. 207, 98 L.Ed.2d 158 (1987); *Kunkle v. State,* 771 S.W.2d 435, 439 (Tex.Crim.App.1986), *cert denied,* 492 U.S. 925, 109 S.Ct. 3259, 106 L.Ed.2d 604 (1989); *Easter v. State,* 536 S.W.2d 223, 225 (Tex. Crim.App.1976). An accomplice witness is a witness who can be prosecuted for the same offense with which the accused is charged. *Harris,* 738 S.W.2d at 215. Johnson's actions amount to no more than concealment of the commission of the offense. There is no evidence that on the day of the shooting appellant and Johnson discussed violence or the threat of violence to encourage Rizo to pay the debt. The record also reflects that appellant acted alone and without encouragement or assistance from Johnson when he retrieved his gun and shot Rizo. Without an affirmative act in the offense, Johnson was properly not considered an accomplice witness. *See Kunkle,* 771 S.W.2d at 439–441 (holding that individual who knew of planned robbery, failed to abandon group, allowed victim to be induced into vehicle, would have told group if police were coming, and was present when victim shot in head was not accomplice witness as matter of fact absent affirmative act).

Appellant further argues that Johnson was an accomplice because she had engaged in inherently dangerous behavior with appellant, namely drug use, and had "participated in other conspiracies" with appellant. Appellant's reference to Johnson's less-than illustrious past with him does not aid his argument. A witness' complicity in another crime or other crimes with the accused does not make the witness an accomplice to the crime for which the accused is now on trial. *Creel v. State,* 754 S.W.2d 205, 213 (Tex. Crim.App.1988). Accordingly, we find no error in the trial court's failure to submit to the jury the question of whether Johnson was an accomplice as a matter of fact. Points of error one and two are overruled.

In light of our disposition of points of error one and two, we need not address appellant's final contention that Johnson's testimony, which he contends was that of an accomplice witness, is insufficient to support his conviction. *See* TEX.CODE CRIM. PROC. ANN. art. 38.14 (Vernon 1994). Appellant's third and final point of error is overruled.

The judgment of the trial court is affirmed.

---

change in 1974 Penal Code which eliminates "accessory after the fact" as party to crime and replaces with distinct crime of "hindering apprehension or prosecution"). Prior to the 1974 amendments to the Penal Code, and the law under which *Reynolds* was decided, an accessory was defined as "one who, knowing that an offense has been committed, conceals the offender, or gives him any other aid in order that he may evade an arrest or trial . . ." TEX. PENAL CODE ANN. art. 77 (1925) (repealed 1973). While an accessory after the fact was an accomplice witness prior to the 1974 Penal Code, it is no longer the state of the law. *Harris v. State,* 738 S.W.2d 207, 215 (Tex.Crim.App.1986).