MARY'S OPINION HEADING 








NO. 12-10-00109-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

STANLEY RENARD
TILLEY, SR.,                        §                      APPEAL FROM THE SECOND

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      CHEROKEE
COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

            A
jury convicted Appellant, Stanley Renard Tilley, Sr., of capital murder.  The
State did not seek the death penalty, and the trial court sentenced Appellant
to life in prison.  Appellant raises six issues on appeal.  He contends that
the State’s only witness to the murder was an accomplice whose testimony was
uncorroborated.  Therefore, he maintains that the trial court erred in
overruling his motion for directed verdict and in failing to include in the
court’s charge an instruction regarding accomplice testimony.  Appellant also
challenges the sufficiency of the evidence, and he insists the trial court
erred in failing to set a hearing on his motion for new trial.  We affirm.

 

Background

            Lester
Anderson testified that he, Appellant, known also as “Frog,” and Tolliver
Thirkill, known as “Bay-Bay,” met in a South Tyler ice cream parlor to plan a
drug deal.  Thirkill was to bring $24,000.00 in exchange for a kilo of cocaine,
which Appellant was to supply.  Appellant arrived at the meeting in a green
vehicle and got into the back seat of Lester Anderson’s black Tahoe.  Thirkill
rode in the front passenger seat, and Anderson sat behind the steering wheel. 
Appellant asked Thirkill if he had the money.  Thirkill “pulled the money and
showed a portion of the money” to Appellant.  After an apparent signal from a
person in the green car, Appellant said, “Let’s go back towards Jacksonville.” 
Anderson started driving following Appellant’s instructions.  After they had
crossed the Cherokee County line but before reaching Jacksonville, Appellant
directed Anderson to turn right onto a county road in a thinly settled area
where Appellant’s parents lived.  

            After
they passed Appellant’s parents’ house, Appellant drew a gun, pointed it at
Thirkill, and told him to put his hands on the dashboard.  Thirkill tried to
hand the money to Appellant.  At this point, Anderson had slowed to stop at a “T”
in the road and asked Appellant which way to turn. Appellant said, “Take a
right.”  Anderson turned right but apparently proceeded slowly, starting and
almost stopping.  Appellant told Thirkill, “If you open that door, I’m going to
kill you.”  Appellant then fired twice.  The first shot hit Thirkill while he
was still partially in the front seat.  The second shot hit Thirkill as he was
falling out of the car onto the roadside.  Appellant had also left the car. 
Seeing that both Thirkill and Appellant were out or nearly out of his vehicle,
Anderson sped away leaving Appellant and Thirkill’s body on the roadside.  

            Appellant
immediately fired “like six or seven times” at Anderson in the fleeing black
Tahoe.  Three bullets hit the Tahoe but missed Anderson.   Almost immediately,
Anderson saw that he was being pursued by the green car that had brought
Appellant to the meeting in Tyler.  A high speed chase ensued with perhaps
several more shots fired at Anderson from the green car.  Several witnesses
testified that they had seen the Tahoe pursued at a dangerous speed by the
green car, very similar in appearance to the car owned by Appellant’s
girlfriend.  Sometime after they reached Highway 175, Anderson lost the green
car and went to his parents’ house in Neches.  He answered Thirkill’s cell
phone, talked to Trotter, his daughter’s fiancé, and told him what had
happened.  Anderson’s daughter, Trotter, and Henry Thirkill came to the Anderson
place in Neches.  They then drove to Jacksonville and contacted the police. 
Anderson gave a statement to the investigator.

            Thirkill’s
body was found by a nearby resident at dusk beside the road.  One bullet
penetrated Thirkill’s left lung and the right side of his heart.  The second
shot went through the liver, colon, the heart sac, and the arch of the aorta. 
Both wounds were lethal.

            One
of the nearby residents testified to hearing two shots, then a succession of
rapidly fired shots.  Almost immediately, he saw a speeding black Tahoe chased
by a green car.  Other motorists witnessed parts of the chase described by
Anderson.

            The
Winnsboro police arrested Appellant approximately six months after the murder
where he was staying with his girlfriend, Miranda Collins.  A witness
identified the car as the one occupied by Appellant and Collins on the day of
the murder.  The evidence strongly suggests that this was the same green sedan
used to pursue Anderson after the murder.

 

Introduction of Accomplice Witness Testimony

            In
his first issue, Appellant complains that the trial court erred in overruling
his objection to Lester Anderson’s testimony.  He argues Anderson was an
accomplice witness for whose testimony, up to that point in the trial, there
had been no corroboration.

            An
appellate court reviews a trial court’s ruling excluding or admitting evidence
for abuse of discretion.  Powell v. State, 63 S.W.3d 435, 438
(Tex. Crim. App. 2001).  A trial court does not abuse its discretion as long as
its decision to admit or exclude evidence is within the “zone of reasonable
disagreement.”  Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g).

            The
accomplice witness rule upon which Appellant relies is set out in Article 38.14
of the Texas Code of Criminal Procedure.

 

A conviction cannot be had upon
the testimony of an accomplice unless corroborated by other evidence tending to
connect the defendant with the offense committed; and the corroboration is not
sufficient if it merely shows the commission of the offense.

 

 

Tex. Code Crim. Proc. Ann.
art. 38.14 (Vernon 2005).  This is a rule of evidence sufficiency and does not
limit the admissibility of an accomplice’s testimony.  Haines v. State,
134 Tex. Crim. 524, 526, 116 S.W.2d 399, 400 (1938); Johnson v. State,
969 SW.2d 134, 134-35 (Tex. App.–Texarkana 1998, pet. ref’d).  The
admissibility of accomplice testimony is not dependent upon corroborating
evidence, and there is no requirement that the corroborating evidence be
introduced before the testimony of the accomplice.  See Joines v. State,
482 S.W.2d 205, 208 (Tex. Crim. App. 1972).

            Appellant
interprets the accomplice witness rule to require the introduction of
corroborating evidence before the accomplice witness may testify.  There is no
such requirement.  Id.  Appellant’s first issue is overruled.

 

 

Accomplice Witness

            In
his second issue, Appellant contends the trial court erred in overruling his
motion for directed verdict at the close of the State’s case because Lester
Anderson was an accomplice witness and his testimony was uncorroborated. 
Appellant points out that no physical evidence connects him to the offense: 
“no gun, no drugs, no money, no fingerprints, no DNA.”  He argues that after
the shooter pulled out the gun with the apparent intention to rob Thirkill, the
black Tahoe in which they were riding reached a “T” intersection.  Anderson
asked the shooter which way to turn.  When the shooter said “turn right,”
Anderson complied.  Anderson had hardly completed the turn when seconds later
Thirkill was murdered.  In Appellant’s view, this is sufficient to establish
Anderson’s complicity in Thirkill’s murder and his role as an accomplice.

            In
his third issue, Appellant claims the trial court erred in failing to include
in the charge an instruction regarding accomplice testimony.

Applicable
Law

            An
accomplice witness is a state’s witness that the evidence shows could be
prosecuted for the same offense as the accused or for a lesser included offense
of that offense.  Zepeda v. State, 819 S.W.2d 875, 876 (Tex.
Crim. App. 1991).  Whether the accomplice witness is actually charged or
prosecuted is irrelevant.  Cocke v. State, 201 S.W.3d 744, 748 (Tex.
Crim. App. 2006).

            “The
definition of an accomplice witness now incorporates Sections 7.01 and 7.02 of
the Penal Code, which define the “parties” that are subject to conviction for
an offense.  43 George E. Dix, Robert O. Dawson, Texas Practice:  Criminal Practice and Procedure § 31.261 (2d
ed. 2001).  The provisions pertinent to the issues raised in this case are as
follows:

 

            (a)  A person is criminally
responsible for an offense committed by the conduct of another if:

                                .
. . .

                (2) acting with
intent to promote or assist the commission of the offense, he solicits
encourages, directs, aids, or attempts to aid the other person to commit the
offense; . . .

                                .
. . .

(b)  If, in the attempt to carry
out a conspiracy to commit one felony, another felony is committed by one of
the conspirators, all conspirators are guilty of the felony actually committed,
though having no intent to commit it, if the offense was committed in
furtherance of the unlawful purpose and was one that should have been
anticipated as a result of the carrying out of the conspiracy.

 

 

Tex. Penal Code Ann. § 7.02 (Vernon
2003).  To be an accomplice, an individual must, before or during the
commission of the crime, and with the required mental state, participate with
the defendant by “an affirmative act that promoted the commission of the [same]
offense with which the defendant is charged.”  Paredes v. State,
129 S.W.3d 530, 536 (Tex. Crim. App. 2004) (emphasis added).  There must be
sufficient evidence connecting the person to the criminal offense to render
them a “blameworthy participant.”  Blake v. State, 971 S.W.2d
451, 455 (Tex. Crim. App. 1998).  The witness’s complicity in other crimes
committed by the accused does not make him an accomplice witness.  Crank
v. State, 761 S.W.2d 328, 349 (Tex. Crim. App. 1988).  A person merely
present at the scene of the offense is not an accomplice.  Blake,
971 S.W.2d at 454. “[O]ne is not an accomplice for knowing about a crime and
failing to disclose it, or even concealing it.”  Id. 

            In
Kunkle v. State, 771 S.W.2d 435 (Tex. Crim. App. 1986), the
witness, Sauls, heard the group discussing robbing someone with a .22 caliber
pistol they had.  He did not participate in the discussion.  However, he
remained with the group.  He also asked how much money had been taken in the
first robbery.  He did not participate in the second robbery that culminated in
the murder of the victim.  When he complained that they did not have to kill
Horton, the victim, one of the killers threatened to shoot Sauls. Sauls
rejoined the group the next day at Canyon Lake although the proceeds of the
robbery-murder were used to pay for the outing.  The evidence showed that he
did not anticipate the murder would occur, he did nothing to assist the
commission of the offense, and when he attempted to voice his objection to the
murder, he was silenced by the others.  Without evidence of an affirmative act
by the witness to assist the commission of the crime, the court held that there
was not even a fact issue raised as to whether the witness was an accomplice.  Id.
at 438-39.

            In
Gamez v. State, 737 S.W.2d 315 (Tex. Crim. App. 1987), the facts
showed that the witness had not participated in the planning and execution of
the murder of the victim by shooting him with a gun as charged in the
indictment.  Id. at 323.  The court held the witness was not an
accomplice although the witness had participated in a previous attempt to kill
the victim with a bomb.  Id.

            Evidence
that the witness was involved in drug use and “other conspiracies” with the
defendant did not make him an accomplice to the charged murder in Jackson
v. State, 933 S.W.2d 696, 698 (Tex. App.–San Antonio 1996, pet. ref’d).

            If
the evidence clearly shows that the witness has been or could have been
indicted for the same crime with which the defendant is charged or a lesser
included offense, then the witness is an accomplice as a matter of law and the
court is under a duty to so instruct the jury.  Cocke, 201
S.W.3d at 748.  If the evidence presented by the parties is conflicting or
unclear, the trial court should submit the question of whether an inculpatory
witness is an accomplice witness as a matter of fact to the jury with
instructions defining the term accomplice.  Paredes, 129 S.W.3d
at 536.  “The trial court is not required to give the jury an
accomplice-witness instruction when the evidence is clear that the witness is
neither an accomplice as a matter of law nor as a matter of fact.”  Cocke,
201 S.W.3d at 748.

Discussion

            In
the instant case, Lester Anderson helped arrange a drug deal between Appellant
and the deceased.  There is no evidence that he even anticipated the robbery
and murder of Thirkill by Appellant.  Seconds before the murder, Anderson
turned right as directed by Appellant.  Appellant insists this is an
affirmative act assisting the commission of the charged murder. We disagree.  

            Anderson’s
following the instructions of the armed Appellant does not demonstrate
Anderson’s complicity in the crime with which Appellant was charged.  That did nothing
to assist the commission of the murder.  Seconds after turning right as
Appellant instructed, Anderson was fleeing for his life from Appellant, dodging
bullets in a high speed chase.  The evidence shows that Anderson was surprised
and scared when Appellant drew his pistol.  When the shooting started, Anderson
fled as soon as he could, which was almost instantaneously.

            Lester
Anderson was not an accomplice in Thirkill’s murder nor does the evidence raise
a fact question as to his complicity.  His testimony required no
corroboration.  Therefore, the trial court did not err in denying Appellant’s
motion for directed verdict based upon the lack of corroboration for Anderson’s
testimony.  The trial court did not err in refusing to instruct the jury that Anderson
was an accomplice witness as a matter of law, or in refusing to submit to the
jury the question of whether Anderson was an accomplice witness as a matter of
fact.  Appellant’s second and third issues are overruled.

Sufficiency of the Evidence

            In
his fourth and fifth issues, Appellant maintains the evidence is insufficient
to support his conviction.

Standard
of Review

            In
reviewing the sufficiency of the evidence, the appellate court must determine
whether, considering all the evidence in the light most favorable to the
verdict, the jury was rationally justified in finding guilt beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789,
61 L. Ed. 560 (1979); Brooks v. State, 323 S.W.3d 893, 899 (Tex.
Crim. App. 2010).  Considering the evidence “in the light most favorable to the
verdict” under this standard requires the reviewing court to defer to the
jury’s credibility and weight determinations, because the jury is the sole
judge of the witnesses’ credibility and the weight to be given their
testimony.  Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Brooks,
323 S.W.3d at 899.  “A court faced with a record of historical facts that
supports conflicting inferences must presume–even if it does not appear
affirmatively in the record–that the trier of facts resolved any such conflicts
in favor of the prosecution. . . .”  Jackson, 449 U.S. at 326, 99
S. Ct. at 2793.

Discussion

            Appellant
stresses that only Anderson’s uncorroborated testimony connects Appellant with
the crime.  And, he argues, “no reasonable juror could have believed
[Anderson’s] testimony based upon the considerable evidence that contradicted
[him].”

            Appellant
exaggerates the importance of the conflicts in the evidence.  We have examined
the examples cited by Appellant and find that some are explained elsewhere in
the evidence.  Others are easily explained as the ordinary differences between separate
narratives of an exciting event.  Taken together they are not sufficient to
undermine Anderson’s credibility.  The resolution of conflicts in the evidence
is for the jury.  Anderson was not an accomplice, and his uncorroborated
testimony is sufficient to sustain Appellant’s conviction.  Appellant’s fourth
and fifth issues re overruled.

 

Hearing on Motion for New Trial

            In
his sixth issue, Appellant maintains that the trial court abused its discretion
in failing to set a hearing on his motion for new trial.

Standard
of Review

            The
trial court’s denial of a motion for new trial is reviewed for abuse of
discretion.  Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App.
1995).

            A
defendant must be granted a new trial when a material witness has been kept
from court by force, threats, or fraud.  Tex.
R. App. P. 21.3(e).  “The ‘fraud’ provision of this rule contemplates at
least two actors–the material witness and one or more persons who keep that
witness from court by fraud.”    Rodriguez v. State, 21 S.W.3d
562, 567 (Tex. App.–Houston [14th Dist.] 2000, pet. ref’d).  The defendant must
show the acts or omissions that prevented the missing witness from appearing in
court.  Id.

            A
hearing on a motion for new trial is not required if the matters raised in the
motion may be determined from the record.  Reyes v. State, 849
S.W. 812, 816 (Tex. Crim. App. 1993).  When an accused presents a motion for
new trial raising matters not determinable from the record and which could
entitle him to relief, the trial judge abuses his discretion in failing to hold
an evidentiary hearing.  Id.  However, the motion must be
supported by affidavit specifically showing the truth of the grounds of
attack.  King v. State, 29 S.W.3d 556, 569 (Tex. Crim. App.
2000).

            In
order to obtain a new trial based on newly discovered evidence, the defendant
must show that (1) the newly discovered evidence existed and was unknown to the
defendant at the time of trial; (2) the failure to discover the evidence was
not due to defendant’s want of diligence; (3) the evidence is admissible and
not merely cumulative, corroborative, collateral, or impeaching; and (4) the
evidence is probably true and so material that it probably would produce a
different result if a new trial were granted.  Wallace v. State,
106 S.W.3d 103, 106 (Tex. Crim. App. 2003).

            Only
two of the grounds urged in Appellant’s motion for new trial raise matters not
determinable from the record.  The other grounds raised by Appellant involve
questions of law previously considered by the trial court.

Absence
of Material Witness

            Appellant’s
ninth ground for new trial alleges a material witness was prevented from
attending the trial by force, threat, or fraud.  In his affidavit, Appellant’s
counsel alleges that he spoke with Leeza Gipson who told him that Appellant was
at her home for a period of time that made it impossible for him to have
murdered Thirkill.  Later, she “equivocated on her prior statements.”  Counsel
also received a telephone call from an unnamed person who at one time had
worked at the Anderson County jail.  She claimed to be a relative of Leeza, and
she was “adamant . . . that she did not want Leeza involved in the subject
case and that she should not be made to testify.”  When Appellant’s
investigator attempted to serve Leeza with a subpoena, he was told that the
witness had gone to Arizona with her mother.  Leeza has since declined to speak
to Appellant’s counsel.

            A
statement by a relative that she did not want Leeza Gipson to testify, together
with Leeza’s apparent absence from the state, are not facts constituting force,
threats, or fraud.  The affidavit of Appellant’s counsel does not present facts
that would entitle him to an evidentiary hearing on his motion for new trial on
this ground.

New
Evidence

            Appellant’s
counsel, in his affidavit, recounts a conversation with another of his clients,
Tyler, who told him that he had heard Anderson say that he, not Appellant,
killed Thirkill.  The affidavit also states that Tyler “may have at other times
made contrary statements.”  Appellant’s motion and affidavit fail to allege
that Appellant’s failure to discover this evidence was not due to his want of
diligence.  The affidavit also relates that the State informed counsel that,
before trial, it had intercepted a letter from Appellant to Tyler encouraging
him to impeach Anderson.

            Counsel’s
affidavit leaves room to doubt that Tyler would actually testify in the way he
indicated in his conversation with counsel.  There is no affidavit from Tyler. 
Given its source and otherwise suspect nature, it is difficult to view the
testimony Tyler might give “as probably true and likely to change the result”
in a new trial.  Appellant’s motion and affidavit do not allege or show the
requisites that would entitle Appellant to an evidentiary hearing on the ground
of newly discovered evidence.

            The
trial court did not abuse its discretion in denying Appellant a hearing on his
motion for new trial.  Appellant’s sixth issue is overruled.

 

Disposition

            The judgment of the
trial court is affirmed.

 

Bill Bass

    
Justice

 

 

Opinion delivered April 29, 2011.

Panel
consisted of Worthen, C. J., Hoyle, J., and Bass, Retired J., Twelfth Court of
Appeals, sitting by assignment.

 

 

 

(DO NOT PUBLISH)