Dustin VANHALST, Appellant

v.

The STATE of Texas, Appellee

No. 06–16–00080–CR

Court of Appeals of Texas, Texarkana.

Date Submitted: January 6, 2017

Date Decided: April 12, 2017

Rehearing Overruled May 9, 2017

Discretionary Review Refused September 13, 2017

Ebb B. Mobley, Attorney at Law, P O Box 2309, Longview, TX 75606, for Appellant.

Geoff Barr, Office of the Attorney General, P O Box 12548, Austin, TX 78711, for Appellee.

Before Morriss, C.J., Moseley and Burgess, JJ.

## OPINION

### Opinion by Justice Burgess

Dustin Vanhalst was convicted of murdering Jay Clements and was sentenced to serve forty-seven years' confinement in prison. On appeal, Vanhalst contends that the State's witness, Justin Deen, was an accomplice and that there was insufficient evidence to corroborate Deen's testimony as required by Article 38.14 of the Texas Code of Criminal Procedure. The trial court instructed the jury that if it found Deen was an accomplice, it could not find Vanhalst guilty unless there was other evidence before it which corroborated Deen's testimony. Because the jury found Vanhalst guilty, it either found he was an accomplice and that there was sufficient evidence to corroborate Deen's testimony or it found that Deen was not an accomplice and no corroboration was necessary. Because we find that there was sufficient evidence on which the jury could have found Deen was not an accomplice, we affirm the judgment.

### I.   Procedural and Factual Summary

On January 16, 2015, Rusk County Sheriff's Deputy Austin Wright discovered the body of Clements next to his pickup truck outside his burning residence in Rusk County. A later autopsy revealed that Clements had suffered fifty-nine sharp-force injuries to his head, upper body, back, chest, left flank, hands, and arms. The injuries to his upper body and head were consistent with a machete blade, and the rest of his injuries were consistent with a steak-knife blade. The State's forensic pathologist, Dr. John Stash, testified that Clement's death was a homicide and that the cause of death was multiple sharp-force injuries. The State's theory at trial was that Vanhalst attacked and killed Clements because he believed Clements, alone or in combination with others, had sodomized Vanhalst at least once while Vanhalst was in the midst of a methamphetamine-induced blackout.

At trial, the State called Deen, who had been Vanhalst's friend for several years. Deen testified that at about 5:30 on the morning of January 15, 2015, Vanhalst

called him and asked for help. According to Deen, Vanhalst said that "he was in a pretty bad spot." Vanhalst also told him he was in trouble and thought that someone or some group of people were planning to kill him. He added that other people "had disappeared already," and he asked Deen for a ride out of Arp, the town where he was staying. When Deen picked up Vanhalst later that afternoon, Vanhalst said that "[he] need[ed] to talk to the FBI or somebody high up in law enforcement." Deen telephoned his former brother-in-law, Brady Middlebrooks, who was a detective with the Kilgore Police Department. Deen drove Vanhalst to meet Middlebrooks.

Middlebrooks testified that Vanhalst said he had "been on a meth binge" and that he had "slept approximately three days." According to Middlebrooks, Vanhalst said he had awakened with "some pain and discomfort in his rectal area" and found what he thought was semen in his stool. Vanhalst told Middlebrooks he had previously told his girlfriend, Tina Shirey, about his pain and that she told Vanhalst "she had done some things to him," but that no one else had been involved. Vanhalst presented Middlebrooks with a DVD of the movie *Beetlejuice* and told him the disc "contained hidden layers of the actors, other actors involved in the sexual assault, and of the sexual assault." Yet, when Middlebrooks played the disc, he saw only "scratchy images . . . white noise."

Deen further testified that he took Vanhalst home after meeting with Middlebrooks. On the way, they needed to repair a tire on Vanhalst's car, but could not find an open tire shop. During this time, Vanhalst "said something about [Clements] having a spare tire he could have." Later, Vanhalst told Deen that Clements had been one of the people who had sodomized him. When Deen asked why he had not told that information to Middlebrooks, Vanhalst answered, "That would have been a motive."

Vanhalst then told Deen other things he believed had happened during his blackout. According to Deen, Vanhalst said Clements left a voice message on his telephone in which Clements said he could not wait to sodomize Vanhalst again. Vanhalst also said the voice message contained the sound of someone snoring in the background. Accordingly, Vanhalst concluded that Clements left the message on his cell phone while Vanhalst was still blacked-out and could be heard snoring in the background. Additionally, Deen testified that Vanhalst had asked him "[a] handful" of times to borrow a pistol, but that he had always refused. On one occasion when Deen refused to lend Vanhalst a pistol, they were at Vanhalst's home and Deen pointed towards a sword hanging on Vanhalst's wall as if to say, "[U]se that."

On the night of the murder, Vanhalst asked Deen to drive him to Clements' home, but Deen refused; however, he did drive Vanhalst past Clements' home twice. After the second occasion, Deen suggested that he take Vanhalst home, but Vanhalst declined, responding, "I'm getting out. . . . Pray for me." According to Deen, Vanhalst exited the truck between one-half and one-third of a mile from Clements' home.

Deen testified he next saw Vanhalst about 3:00 the next morning, and Vanhalst was limping, soaking wet, stiff, and sore. Deen described Vanhalst as being "stove up." Deen said he wished Vanhalst had not come to his house, and Vanhalst replied, "It wasn't pretty." Vanhalst told Deen Clements had "admit[ted] to it," but Deen said he did not want to hear anything else. Vanhalst showered at Deen's house while Deen took Vanhalst's clothes out to the yard and burned them. Deen admitted that he did not report the crime until about five

days later, when he called his uncle, who was a county commissioner, and that he was subsequently indicted for tampering with evidence. Deen also testified that at the time of his testimony, he had rejected a plea offer from the State and was still under indictment.

## II. Was Deen An Accomplice?

### A. Standard of Review

A defendant may not be convicted solely upon the testimony of an accomplice witness; instead, the accomplice's testimony must be "corroborated by other evidence tending to connect the defendant with the offense committed." TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005). "An accomplice [is one who] participates with a defendant before, during, or after the commission of a crime and acts with the required culpable mental state." *Paredes v. State*, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004). "The participation must involve an affirmative act that promoted the commission of the offense with which the accused is charged. An accomplice as a matter of law is one who is susceptible to prosecution for the offense with which the accused is charged or a lesser included offense." *Id.* (citations omitted). One is not an accomplice simply "because he or she knew of the crime but failed to disclose it or even concealed it." *Easter v. State*, 536 S.W.2d 223, 225 (Tex. Crim. App. 1976).

### B. Analysis

Deen's involvement with the murder was limited to the following facts: (1) he heard Vanhalst describe events which, in Vanhalst's words, gave Vanhalst a motive to kill Clements; (2) Vanhalst asked several times to borrow a gun from Deen; (3) on one occasion at Vanhalst's house, when he asked Deen for a pistol, Deen declined and gestured towards a sword hanging on Vanhalst's wall; (4) Vanhalst got out of Deen's truck less than one mile from Clements'

house on the night of the murder, and as he was exiting, Vanhalst said, "Pray for me"; (5) Vanhalst returned to Deen's house about 3:00 a.m. on the morning after he exited Deen's vehicle near Clements' house and made statements which tended to implicate him in Clements' murder; (6) Deen burned Vanhalst's clothes in the back yard while Vanhalst showered in Deen's house; (7) Deen took Vanhalst home after he showered; and (8) despite Vanhalst making statements which tended to implicate himself the morning after the murder, Deen did not report what he knew to law enforcement for several days.

As noted, the Court of Criminal Appeals has held that the failure to disclose and even participation in concealing a crime does not render one an accomplice. In *Druery v. State*, Druery told his girlfriend and another person that he was going to kill the victim. *Druery v. State*, 225 S.W.3d 491 (Tex. Crim. App. 2007). The two witnesses discounted Druery's statement and did not take him seriously. After Druery killed the victim, one of the witnesses possibly assisted Druery in obtaining the gasoline he used to burn the deceased's body. The following day, Druery's girlfriend was present when Druery returned, re-burned the body, and then threw it in a pond. Neither witness immediately reported the crime to law enforcement authorities. *Id.*

On appeal, the Court of Criminal Appeals pointed out that to qualify as an accomplice as a matter of law or fact, "[t]he witness must still be susceptible to prosecution for the murder itself by having affirmatively assisted in committing the offense," and neither of the witnesses to Druery's crime met that criteria. *Id.* at 500; *see also Kunkle v. State*, 771 S.W.2d 435 (Tex. Crim. App. 1986) (witness who was with the defendants as they discussed robbing and eventually robbed people and

then killed a man and who did not inform the police until they approached him, but did not participate in the commission of the crimes, was not an accomplice); *Jackson v. State*, 933 S.W.2d 696 (Tex. App.–San Antonio 1996, pet. ref'd) (witness who got high on crack cocaine with the defendant, accompanied him to collect a debt, was present when the defendant shot the victim, lied to two people that the still-breathing victim was not present, and did not report the murder to the police was not an accomplice).

■ In the present case, as in *Druery*, nothing in the record establishes that Deen participated in Clements' murder. He was not indicted for murder.[1] Nor was he an accomplice. *See Druery*, 225 S.W.3d at 500 (holding that witness's assistance to defendant in helping dispose of the body after the murder did "not transform [the] witness into an accomplice witness in a prosecution for murder"). Consequently, the State was not required to corroborate his testimony, and because no corroboration was necessary, we do not reach Vanhalst's second point of error.

### III. Conclusion

For the above-mentioned reasons, we affirm the trial court's judgment and sentence.

---

1. From Deen's testimony, it appears a murder charge against him was presented to the grand jury, but he was not indicted.